## CAMPBELL ET AL. *VS.* SNEED.

A judgment of a circuit court, which neither in form nor effect, dismisses the parties from that court, nor concludes their rights in respect to that suit, is not a final judgment, and a writ of error will not lie to revise it.

A final judgment must first be rendered, before the appellate jurisdiction of this court attaches. Unless there be such final judgment, this court will dismiss the writ of error.

THIS was an action of assumpsit, in the Washington Circuit Court, before the Hon. JOSEPH M. HOGE, one of the circuit judges. The declaration contained two counts, first a *quantum meruit* for goods sold and delivered; and the second, *indebitatus* count for goods sold and delivered. The defendant pleaded non-assumpsit, and a special plea setting up that since the commencement of this suit, he had been garnisheed as a debtor of the plaintiff, setting out the substance of the writ of garnishment, service, and return; that he answered and showed an indebtedness of $73 67, for which amount judgment had been entered against him as such garnishee; that such judgment was for the identical moneys claimed in the plaintiff's declaration, and was still in full force and unsatisfied; concluding with a verification. The plaintiff demurred to the second plea because the interest in the suit is for the use and benefit of W. S. O., and that a judgment in garnishment, issued since the commencement of the suit, was no bar to the plaintiffs recovery. Issue in short, and judgment January, 1843, in these words: "It is considered by the court that the law is for the said defendant, and that said demurrer be over-

Campbell et al. *vs.* Sneed.

ruled, and it is further considered by the court, that the said defendant have and recover of, and from, the said plaintiffs, the costs about said *demurrer* expended, and have execution, &c." The case came here by writ of error.

*Oldham & Roane,* for plaintiffs.

*By the Court,* RINGO, C. J. Is this a final judgment, or final decision of the cause, to which a writ of error will lie? The law in our opinion, does not so regard it. Because it neither in form nor effect dismisses the parties from the court, discharges them from the action, or concludes their rights in respect to the subject matter in controversy in the case; and no proceeding in court, not attended with at least one of these consequences, can, in our opinion, be considered as embraced by the law allowing "writs of error upon any final judgment or decision of any circuit court." And the plaintiffs, if they intended to abide by their demurrer to the defendant's pleas, should, when the judgment thereupon was given against them, have insisted upon having a final judgment in the cause; so that the appellate power of the supreme court could be exercised over the case. For, it is only to cases in which such final judgment or decision appears by the record to have been made, that the appellate jurisdiction of this court, in common law proceedings at least, extends. Consequently, as from the transcript before us, no final adjudication of the circuit court, upon the matters in controversy between the parties, appears to have been made, the case must be regarded as still pending for such adjudication in that court; and therefore, as this court has no jurisdiction over it, until such final adjudication is there made, this writ of error must be dismissed. Writ dismissed.