## HAMILTON *vs.* BUXTON.

This court cannot take jurisdiction of a cause brought here by appeal, unless the judgment appealed from be a final judgment—the appearance of parties here, and their consent, cannot confer jurisdiction. The judgment below must be final, or no appeal or writ of error will lie. *Campbell et al. vs. Sneed,* ante, relied on.

This was assumpsit by attachment, in the Conway Circuit Court, before the Hon. R. C. S. Brown, one of the circuit judges. There was but one count, which was *indebitatus* assumpsit, for goods sold. Buxton, the defendant, appeared and demurred to the declaration; to which there was a joinder. The demurrer was sustained, and judgment for the defendant in these words: "It is therefore considered by the court, that the defendant, Earl Buxton, have and recover of, and from, the plaintiff, Henry Hamilton, all the costs in, and about said demurrer, laid out and expended." Hamilton appealed.

*Cummins,* for appellant.

*Linton & Batson,* contra.

*By the Court,* Ringo, C. J. Both parties have regularly appeared in this court, pleaded to issue, and submitted the case to the court for adjudication. Their consent, however, whether express or implied, cannot, according to the familiar and well established principles of law, applicable to such case, invest the court with jurisdiction to take cognizance of the case, until it has been finally adjudicated, and determined by the circuit court. The proceedings in this case, as shown by the transcript of the record before us, as to the question whether any final judgment has been given in the cause, are in every essential particular, like those in the case of *Campbell et al. vs. Sneed,* decided at the present term, and do not, according to the principles there held, show a final judgment in, or decision of, the cause. The record therefore, does not show a case in which the appeal could be taken, or of which this court possesses appellate jurisdiction.

Appeal dismissed.