GATES *v.* SOLOMON.

Opinion delivered November 5, 1904.

1. EJECTMENT—SUFFICIENCY OF ANSWER CLAIMING HOMESTEAD.—In ejectment by one claiming to have bought an undivided interest in the land of an intestate through purchase from one of the heirs, an answer of the widow and minor heirs claiming that the land was the homestead of intestate at his death, and that the widow was entitled to occupy same during her natural life, and the minor heirs during minority, stated a good defense. (Page 12.)

2. DOWER—SUFFICIENCY OF ANSWER CLAIMING.—In ejectment to recover an interest in the land of an intestate an answer by intestate's widow claiming dower therein, without alleging that dower had been assigned to her, or that the land constituted the mansion of her husband with the farm attached which she was entitled to hold until dower should be assigned, fails to set up a defense, and is demurrable. (Page 13.)

3. PLEADING—DEFENSE DEFECTIVELY STATED—An answer alleging a good defense in a defective manner is reached by motion to make the pleading more definite and certain. (Page 13.)

4. SAME.—Allegations in an answer that plaintiff's assignor had no right to convey, without stating why, that a certain deed is void, without stating why, and that plaintiff's claim is barred by the statute of limitations, without stating how, are defective as stating conclusions of law, and may be reached by motion. (Page 13.)

5. SAME—CLAIM OF HOMESTEAD—INSUFFICIENCY.—An answer in an ejectment suit alleging that defendant was formerly a minor and occupying the property as a homestead, without alleging that she was a minor at the commencement of the action and entitled to hold the land as a homestead, is demurrable. (Page 14.)

6. SAME—LIMITATION.—An answer pleading the seven years' statute of limitation, without alleging that the seven years were before the commencement of the action, is demurrable. (Page 14.)

7. COSTS—PRACTICE.—Upon overruling a demurrer to the answer, it is error to render judgment for all costs of the action, instead of for the costs of the demurrer. (Page 14.)

8. APPEAL—FINALITY OF JUDGMENT.—A judgment for costs merely is not final, and no appeal lies. (Page 14.)

Appeal from Lonoke Circuit Court.

GEO. M. CHAPLINE, Judge.

Appeal dismissed.

STATEMENT BY THE COURT.

Dan Eagle died in 1874, seized and possessed of certain lands, and left surviving him E. M. Eagle, his widow, and Bettie Foster, born Eagle, E. F. Fewell, born Eagle, W. C. Eagle and Lettie Eagle, his heirs. Since then his widow married E. F. Solomon. His heirs are his children.

F. Gates brought this action against E. M. Solomon, E. F. Solomon, Bettie Foster, W. C. Eagle and Lettie Eagle to recover one undivided fifth of said lands, and alleged in his complaint that E. F. Fewell, on the 3d day of January, 1897, conveyed the one-fifth of the lands to E. M. and E. F. Solomon, who, being indebted to plaintiff in the sum of $364, conveyed it to R. H. Grady in trust to secure the payment of their indebtedness to him, which not being paid, and Grady declining to act as trustee, Q. T. Webster was appointed by plaintiff, in the exercise of the power vested in him by the deed, a trustee to sell the land to pay said indebtedness; that Webster, having first given lawful notice of the sale, sold the one-fifth of the lands to plaintiff for two-thirds of its appraised value, and, the time for redemption having expired, and no one having redeemed, conveyed it to the purchaser; that, by virtue of such sale and conveyance, he became the owner and entitled to the possession of the land sold to him; and that defendants are in the unlawful possession thereof.

Mrs. Solomon filed an answer to the complaint, the second and third paragraphs of which are as follows:

"2. For further answer the defendant alleges that she is the widow of Dan Eagle, who died in 1874, seized and possessed of the lands described in the complaint; that said lands were and constituted his homestead, and that he was residing on the same and occupied the same as a homestead at the said time of his death. That subsequent to his death this defendant as such widow continued to reside upon said premises and occupy the same as a homestead, and that she is entitled to occupy and use the same

as her homestead during her natural lifetime, and she claims the right to the use and occupancy of said homestead during her said lifetime. She admits that said Dan Eagle, her husband, left surviving him the following named children and heirs, who are likewise children of this defendant, towit: Mrs. Bettie Foster (*nee* Eagle), who intermarried with one Jas. F. Foster, Mrs. E. F. Fewell (*nee* Eagle), who intermarried with one A. F. Fewell, W. C. Eagle, and Lettie Eagle, who at the time of the execution of the said alleged mortgage was a minor female child under the age of eighteen years; that she, together with the said Lettie Eagle, and Bettie Foster (*nee* Eagle), was occupying said lands as a homestead at the time of the alleged conveyance to E. F. Solomon and the alleged conveyance by him to the said plaintiff, and that she has continuously resided upon the same as a homestead, and the same is not subject to sale, and she is entitled to the possession of the same; that said E. F. Fewell, if any conveyance she made, undertook to convey a portion of said lands to E. F. Solomon, who was the husband of this defendant, and that, as his said wife, she released and relinquished her claim to dower in said lands, she is informed, believes and charges, and never intended [to], and in fact did not, convey any title to the said lands to the plaintiff.

"3. This defendant further says that, as the widow of the said Dan Eagle, she is the owner of an estate in dower in and to all of said lands in which her husband died seized and possessed, in addition to her estate in homestead of the one-third interest in and to said lands. That [neither] said heirs nor the plaintiff has ever caused her dower interest in said lands to be set aside and assigned to her; that, under the laws of the State of Arkansas, she is the owner of all said lands, and entitled to use and occupy the same for her natural lifetime, and entitled to the possession of said lands."

W. C. Eagle, Lettie Eagle and Bettie Foster answered as follows:

"Come the defendants, Lettie Eagle, Bettie Foster, and W. C. Eagle, and for answer to the complaint:

"1. Deny that the plaintiff is the owner in fee of an undivided one-fifth interest in said lands described in the complaint, and deny that he has any interest in the same. Further answering,

they say that they are not sufficiently advised to either admit that Mrs. E. F. Fewell executed or pretended to execute the deed as alleged in the plaintiff's complaint to the said E. F. Solomon, and demand strict proof of the same. They say that the said Fewell has no right to convey said land, and they deny that said Solomon was the owner of an undivided one-fifth interest in said lands, as charged in said complaint, and say that he has no right or title to the same, and could not lawfully convey the same.

"2. They deny that Q. T. Webster ever sold said lands as provided by law, and deny that he had any right to sell the same or execute a deed to plaintiff, and they say that said pretended deed from the said Q. T. Webster to plaintiff is void, and conveys no title to the plaintiff. They deny that by reason of any foreclosure and trustee's deed the plaintiff is the owner of an undivided one-fifth interest in said land. For further answer these defendants say that they are children of Dan Eagle, deceased, who died seized and possessed of the land described in the complaint, and that the same was and constituted his homestead, and that at the time of his said death in 1874 the said Dan Eagle was owning and occupying the same as a homestead, and that since his death these defendants, together with their said mother, have owned and occupied said premises as a homestead.

"3. That at the time of the said alleged conveyance from Fewell to Solomon the defendant, Lettie Eagle, was a minor child under eighteen years of age, and was residing upon and occupying the said premises as a homestead with her said mother, the widow of the said Dan Eagle.

"4. These defendants further say that they, together with their said mother, have been in peaceable, open, notorious, continuous, and adverse possession of said premises for a period of more than seven years, claiming title thereto and holding the same adversely to this plaintiff.

"5. That the said pretended claim of the plaintiff, if any, is barred by the statute of limitations, and they plead the statute of limitation against the said claim. Wherefore they ask that they be dismissed with their costs. For further plea, these defendants demur to the complaint, and for grounds say that the same does not state facts sufficient to constitute a cause of action."

Plaintiff demurred to the second and third paragraphs of Mrs. Solomon's answer, and to the second, third, fourth and fifth

paragraphs of the answer of W. C. Eagle and others. The court overruled the demurrer, and rendered judgment against the plaintiff for all costs of the action.

*Elias Gates,* for appellant.

The death of Mrs. Solomon can not affect the rights of the other appellees. 1 Cold. 581; 49 Ala. 514; 5 Enc. Pl. & Pr. 837; 58 Ark. 510. Lettie Eagle, W. C. Eagle and Bettie Foster, being of full age, had no right of homestead in the property. Const., art. 9, § § 6, 10; Sand. & Hill's Dig. § 3694; 51 Ark. 429; 56 Ark. 139; Thomp. Home. & Ex. § 693; 14 Cal. 507; 82 Ill. 213; 53 Ark. 400; 56 Ark. 139; 60 Ark. 606. The estate of the homesteader can not be adverse to the remainderman during the existence of the homestead. 58 Ark. 510; 60 Ark. 74; 61 Ark. 527; 55 Ark. 104. The answer stated no defense. 35 Ark. 104; 43 Ark. 296; 60 Ark. 606.

*Trimble & Robinson,* for appellees.

A general demurrer will not be sustained if there is one good count. 94 Ill. 362; 5 Am. & Eng. Enc. Law, 559. The second and third paragraphs of Mrs. Solomon's answer stated a defense. Sand. & H. Dig. § 3694; 33 Ark. 399; 31 Ark. 145. A homestead right may be defended. 37 Ark. 316; 29 Ark. 633; 26 Ark. 288; Sand. & H. Dig. § 2620. The widow is entitled to the possession of the mansion house until dower is assigned. 40 Ark. 393; Sand. & H. Dig. § 2537. Ejectment is a possessory action, and the plaintiff must recover on the strength of his own title. 50 Ark. 551; 47 Ark. 413; Sand. & H. Dig. § 2581. Adverse possession is sufficiently charged. Sand. & H. Dig. § 4815. The demurrer was properly overruled. Sand. & H. Dig. § 5722; 29 Ark. 365; 32 Ark. 131; Bliss, Code Pl. (3d Ed.), 417.

BATTLE, J., (after stating the facts.) Under the Constitution of this State the widow is entitled to the homestead of her deceased husband, if he was a resident of this State at the time of his death, for and during her natural life. His minor children are entitled to share it with her. But it can not exceed one hundred and

sixty acres. Constitution of 1874, art. 9, § § 3-6. Mrs. Solomon, averring that the land in controversy constituted the homestead of her husband at the time of his death, claims this right in the second paragraph of her answer, and in so doing set up a good and valid defense.

.    In the third paragraph of her answer Mrs. Solomon claims the right to hold the land in controversy under her right to dower therein. But her dower had not been assigned to her, and she was not entitled to hold possession in that right, if she could not do so under the statute which provides that "a widow may tarry in the mansion or chief dwelling house of her husband for two months after his death;" and if her dower is not assigned within that time, she may continue in possession thereof, together with the farm thereto attached, free of all rent, until it is set apart. Sand. & H. Dig. § § 2536, 2537. There is nothing said in the third paragraph of her answer about a mansion or chief dwelling house and a farm thereto attached, and it is fatally defective, and the demurrer to it should have been sustained.

The answer of W. C. Eagle and others is defective. Is it demurrable? The allegations in the first, second and fifth paragraphs thereof, if true, constitute a valid defense, but the facts necessary to constitute it are defectively stated. For instance, in the first paragraph they say that Mrs. Fewell had no right to convey the one-fifth interest in controversy. Why not? She was an heir of Dan Eagle, from whom all the parties to this action derive title. The facts which show that she had no right to convey it should have been stated. For the same reason the allegation in the same paragraph that Solomon could not convey the same is defective. In the second paragraph of their answer they say that the deed executed by Webster to plaintiff is void, and conveyed no title. Plaintiff alleges in his complaint that Webster was lawfully appointed trustee to sell the land and sold it. Why is his deed void? In the fifth paragraph of their answer they allege that plaintiff's claim is barred by the statute of limitations. How is it barred? They state the effect or conclusions from facts when the facts should have been stated. These defects could have been reached by a notice to make the answer more definite and certain, and not by demurrer.

W. C. Eagle and others fail to set up a defense in the third paragraph of their answer. They allege that Lettie Eagle was

occupying the land in controversy as a homestead, and fail to show that she was a minor at the commencement of their action, or had a right to hold it as a homestead. They also fail to set up a defense in the fourth paragraph of their answer, because they allege seven years' adverse possession, and fail to state that the seven years were before the commencement of this action. .

The demurrer to the third and fourth paragraphs of the answer of W. C. Eagle and others should have been sustained, and overruled as to the other paragraphs.

The circuit court erred in rendering judgment against the plaintiff for all costs of the action when it was still pending; there being no dismissal. It should have been for the costs of the demurrer. But, as it was not a final judgment, no appeal from it lies. *Guess* v. *State,* 6 Ark. 147; *Crockett* v. *Lewis,* 66 Mo. 671; *Evans* v. *Russell,* 61 Mo. 37; *Reynolds* v. *Tecumseh,* 48 Neb. 785; 2 Enc. Law & Pro. 593, and cases cited. The appeal was prematurely taken. The case is still pending in the circuit court, and it can retax costs and permit such amendments of the pleading as it may deem proper. What we have said was for the purpose of aiding in the disposition of the case in the court below.

It is ordered that the appeal be dismissed at the cost of appellant.