## ADAMS v. PRIMMER.

### Opinion delivered February 19, 1912.

1. APPEAL AND ERROR—FINAL ORDER.—Where the trial court sustained a demurrer to a complaint, without entering any further order or judgment, its action was not final, and the order can not be appealed from. (Page 382.)

2. UNLAWFUL DETAINER—SUFFICIENCY OF COMPLAINT.—A complaint in unlawful detainer which alleges that defendant is in possession as tenant and that plaintiff has acquired the landlord's title at a trustee's sale, and that defendant is wrongfully holding over after expiration of the lease and after notice to vacate, states a cause of action. (Page 382.)

3. LANDLORD AND TENANT—ESTOPPEL.—A tenant can not dispute the title of an assignee of the landlord, any more than he could the landlord's title. (Page 383.)

Appeal from Izard Circuit Court; *Jefferson T. Cowling,* Judge, reversed.

STATEMENT BY THE COURT.

Appellant, on March 15, 1911, brought this suit for unlawful detainer against appellees, alleging that he was the owner and entitled to possession of a certain lot situated in the town of Calico Rock, Ark., unlawfully detained by them.

At the March term of the Izard Circuit Court a demurrer was interposed to the complaint, and sustained by the court, exceptions to the court's ruling being saved. At the next September term of the court appellant filed an amended complaint, alleging that he was the owner and entitled to the possession of the same lot of land, as described in the original complaint; that the former owner had executed a deed of trust on the same to secure an indebtedness; that default was made in the payment of such indebtedness and the property sold by the trustee to satisfy it; that the plaintiff became the purchaser thereof at the trustee's sale on September 27, 1910, and that a deed was duly made to him by the trustee, in proper form, conveying same. A copy of the deed was attached to the amended complaint. It was then alleged that prior to the execution of the deed of trust the then owner of the lot had leased it to the defendants; that they are now in possession of same, holding over under said lease long after its expiration, and were holding these lands at the time of the institution of this suit, paying said former owner rent from month to month; that he became entitled to possession of the lot under said trustee's deed, and that appellees were holding over after the expiration of their original lease from the former owner and mortgagor of plaintiff; also that a written notice, as required by law, was given defendants to vacate said premises, and prayer for judgment for the possession.

On the next day, the defendants filed a motion to strike the amended complaint from the files, alleging:

"That the cause of action attempted to be set up herein was fully presented to and passed upon by this court at the last term hereof, and that the same was by the court dismissed in its sustaining of a demurrer to the original complaint herein."

The court rendered judgment, reciting that the amended complaint was filed by leave of the court, and the filing of said motion, and sustained same, and struck from the files of the court said amended complaint, and, the plaintiff declining to

plead further, it dismissed the cause of action and rendered judgment against him for costs.

To this action of the court appellant saved his exceptions, and from the judgment prayed an appeal.

*Samuel M. Casey*, for appellant.

The courts order sustaining the demurrer to the first complaint was not a final order, and was not appealable. 30 Ark. 665; 27 Ark. 113; 83 Ark. 372. Since the appellee, on the court's sustaining the demurrer, did not ask that the cause be dismissed, and appellant did not stand on his original complaint, and no order was made dismissing the action, appellant had the right under the law to file the amended complaint. The amended complaint goes into sufficient details and specific allegations as to the relation of tenancy existing between the parties, to state a cause of action. Kirby's Digest, § 6095.

*J. B. Baker*, for appellee.

KIRBY, J., (after stating the facts). If the first complaint filed by appellant was insufficient the court properly sustained a demurrer thereto. Having sustained the demurrer and noted appellant's exceptions to its action in so doing, without any further order made or judgment rendered by the court, its action was not final, and the judgment could not be appealed from. *Moody* v. *Ry. Co.*, 83 Ark. 371.

After the demurrer was sustained, the appellant had the right to amend his complaint, and was properly given leave to do so by the court. Kirby's Digest, § 6095.

The court struck the amended complaint from the files upon said motion, holding that the matter had already been adjudicated by the sustaining of the demurrer at the former term, but erred in doing so. The amended complaint sufficiently alleges a cause of action in unlawful detainer, which is to determine the right to the immediate possession of lands and tenements, and not the title thereto. *Dunlap* v. *Moose*, 98 Ark. 235.

The motion to strike will be treated as a demurrer, and, the complaint being sufficient, the court erred in sustaining it and dismissing plaintiff's cause of action upon his declining to plead further.

It seems from appellee's brief that a writ of possession

was issued upon the filing of the first complaint, and the possession of the premises delivered thereunder to appellant; but appellees did not set up as a defense any disclaimer of possession or claim of right thereto, but only objected to plaintiff's right to proceed.

The complaint alleges that he acquired the title of J. W. Maddox, appellee's lessor, to the lot in question and the right to the possession thereof under the trustee's deed conveying same after a sale under the mortgage to satisfy the indebtedness secured thereby; that appellees were unlawfully detaining and holding the possession thereof, after the expiration of their lease, and paying rent from month to month thereon to said original lessor and refused to surrender possession after written notice given them as required by law.

If these allegations be true, and the demurrer admits that they are, then appellant should have been given judgment for the possession of the lands and damages for the detention until the time they were delivered to him, and costs of the suit in any event.

Appellees would be in no better position to dispute appellant's title, having acquired possession of the premises under their lessor, to whose rights appellant succeeded, by the sale and conveyance under the trust deed, than they would have been to dispute the title of their original lessor and landlord. *Dunlap* v. *Moose, supra.*

For the error of the court indicated, the judgment is reversed, and the cause remanded, with directions to deny and overrule the motion to strike out and for further proceedings.

It is so ordered.