## RADFORD *v.* SAMSTAG.

### Opinion delivered May 18, 1914.

1. APPEAL AND ERROR—OVERRULING DEMURRER—FINAL ORDER.—Where the chancery court overruled a demurrer, but did not enter a final order adjudging the rights of the parties, the court may, at a later time, reconsider the demurrer, while the cause is still pending or undisposed of by the court, and change its decision if it sees proper to do so. (Page 188.)

2. JUDGMENTS—PROCUREMENT BY FRAUD—NECESSARY ALLEGATIONS.—The chancery court is without jurisdiction to entertain an action to set aside a judgment at law, on the ground of fraud, when it was not alleged that fraud had been practiced on the law court in procuring its judgment. (Page 189.)

3. APPEAL AND ERROR—APPEAL FROM JUSTICE COURT—DISMISSAL—REMEDY.—Where the circuit court dismissed an appeal from the justice court, the remedy of the party aggrieved is by way of appeal to the Supreme Court, in the absence of a showing that fraud was practiced in the circuit court in procuring the judgment of dismissal. (Page 189.)

Appeal from Logan Chancery Court; *W. A. Falconer,* Chancellor; affirmed.

STATEMENT BY THE COURT.

Appellant was the plaintiff below, and alleged in his complaint that a judgment had been obtained against him by fraud, accident or mistake, and that he had a meritorious defense to said action, which he set out. Appel-

lees demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action and that the court had no jurisdiction of the subject-matter. This demurrer was overruled and no further action appears to have been taken, until at the third term of the court thereafter, when a new chancellor had been elected and was presiding, when the demurrer was again presented and was sustained by the court and the action dismissed, and the temporary restraining order which had been granted was dissolved. This appeal is prosecuted from that decree.

The material allegations of the complaint were that appellees had brought suit against the plaintiff and one C. L. Poole on an implied contract to pay for certain services, and that upon the trial of said cause the justice of the peace discharged the said Poole, but rendered judgment against plaintiff for the sum of one hundred and fifty dollars. That both parties prayed an appeal, and it was then and there agreed that all formalities should be waived and that the transcript should be lodged with the clerk of the circuit court, which was then in session and should be tried in said court at that term, and that a transcript and the papers were transferred to said court by the said justice the next day, and said cause was docketed in said court, and when said cause was called for trial it was agreed that it should be continued until the January term following. Said defendants entered their appearance in the circuit court and agreed to said continuance without making any motion to dismiss for want of an affidavit for appeal, which affidavit could have been supplied at that time, if said motion had been made, as the time in which an appeal could be taken had not then expired; that the justice by mistake or inadvertence had failed to prepare and file a proper transcript of the proceedings of his court, which failure was not due to any default of plaintiffs. That the attorneys for defendant agreed they would see that a proper transcript was filed so that a trial might be had at the ensuing August term; but they failed so to do.

The circuit court dismissed the appeal because the transcript failed to show an affidavit for an appeal had been filed. The breach of the agreement to file a proper transcript constitutes the fraud of which appellant complains. The complaint further alleged that an execution had issued on the justice's judgment and there was a prayer that the enforcement of this judgment be enjoined until the final hearing, at which time the court was asked to set aside said judgment and grant him a new trial. An answer was filed, denying the material allegations of the complaint.

Appellant insists that the order of the court overruling the demurrer was a final decree, which passed beyond the control of the court at the end of the term and could only be set aside upon appeal, and that in any event the court erred in sustaining the demurrer. Appellee joins issue on both these propositions and in addition says the chancery court had no jurisdiction.

*W. A. Ratterree, J. S. McKnight* and *Poole & Speer,* for appellant.

1. Fraud and collusion give a court of chancery jurisdiction, and when that court assumes jurisdiction for one purpose it will grant complete relief. Story on Equity, § 58; *Id.* § § 64, 65, 70.

2. The judgment on the demurrer became final at the expiration of the term and appellees could not properly present the same demurrer to a different chancellor at a subsequent term and obtain a ruling on it. 2 Black on Judgments, § § 709-711; 63 Ark. 254; 86 Ark. 505. The remedy would be by appeal or bill of review. Black on Judgments, § 329; 86 Ark. 504; 99 Ark. 433-437.

3. Where a judgment is obtained in a court of law by fraud, accident or mistake, unmixed with negligence on the part of judgment-defendant, a court of equity has jurisdiction, on a showing of a meritorious defense, to compel the party obtaining the judgment to submit to a new trial. 35 Ark. 123; 61 Ark. 347; 38 Ark. 283; 1 Black on Judgments, § 356.

*Roberts & Kincannon* and *Carmichael, Brooks, Powers & Rector,* for appellees.

1. The order of March 12, 1912, was not a final order or decree, and is, therefore, not *res judicata.* It was a mere preliminary step in the case, or interlocutory order, and did not purport to adjudicate the rights of the parties in any sense, but, on the contrary, continued the case and left it open for future disposition on its merits. 92 Ark. 101, 102; 102 Ark. 380; 99 Ark. 496; 83 Ark. 371.

2. The complaint does not state a cause of action. An allegation of fraud, stated in general terms, is not sufficient, but the facts constituting the fraud must be set out. Moreover, before one can be relieved in a court of equity from the liability of a judgment obtained at law, he must show that he was not guilty of negligence or laches. 6 Ark. 79; *Id.* 317; 12 Ark. 401; 43 Ark. 107; 91 Ark. 362. Plaintiffs in this case were guilty of negligence in failing to file the affidavit for appeal from the justice of the peace to the circuit court. 87 Ark. 230; 48 Ark. 73; 19 Ark. 647; 93 Ark. 266.

3. . The chancery court was without jurisdiction. 19 Ark. 647, 648, 649.

SMITH, J., (after stating the facts). It will be observed that the order of the court which appellant says is *res judicata* was not one sustaining a demurrer and dismissing a complaint, but was one overruling a demurrer and allowing thirty days in which to file an answer. The cause was then continued for the term. This was not a final order, and did not adjudge the rights of the parties, and there was nothing to prevent the court from reconsidering the demurrer, while said cause was still pending and undisposed of before him, and from changing his opinion and decision if he saw proper to do so.

In the case of *Luttrell* v. *Reynolds,* 63 Ark. 254, it was held that an order sustaining a demurrer and entering a judgment of dismissal thereon is final and conclusive until reversed on appeal. It was so held, because such order was an adjudication of the rights of the parties. But in the case of *Adams* v. *Primmer,* 102 Ark.

380, it was said that "where a trial court sustained a demurrer to a complaint, without entering any further order or judgment, its action was not final, and the order can not be appealed from." To the same effect are the cases of *Atkins* v. *Graham,* 99 Ark. 496, and *Moody* v. *J., L. C. & E. Ry. Co.,* 83 Ark. 371. In the case of *Atkins* v. *Graham, supra,* it was said: "The order simply sustaining the demurrer to the complaint did not finally determine the merits of the case, and was not a final judgment. An appeal only lies in this court from a final judgment of the lower court."

The chancery court in overruling the demurrer did not adjudge the rights of the parties, and consequently there was no final order from which an appeal could be taken.

We think appellee's position that the chancery court was without jurisdiction was well taken because appellant had a complete remedy at law. *Wood* v. *Stewart,* 81 Ark. 41; *Wadkins* v. *Merchants Bank of Vandervoort,* 96 Ark. 465, and cases there cited.

But the failure of appellant to proceed in the proper court was no ground for dismissal of his complaint, and the cause should have been transferred to the circuit court, had a cause of action been stated in the complaint. *Wood* v. *Stewart, supra.* But the chancery court properly dismissed the complaint because it did not in fact state a cause of action. It was not alleged that any fraud had been practiced upon the circuit court in procuring the dismissal of the appeal from the justice of the peace, and if the action of the circuit court in dismissing the appeal was erroneous, appellant's remedy was by appeal to this court, from that order.

The decree of the chancellor is therefore affirmed.