DAVIS *v.* RECEIVERS ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY.

Opinion delivered March 22, 1915.

1. APPEAL AND ERROR—DEMURRER—FINAL ORDER—PRACTICE.—When the court sustains a demurrer to a complaint, the plaintiff may elect to amend his complaint, or to rest and permit final judgment to be rendered dismissing the complaint, and then appeal.

2. APPEAL AND ERROR—FINAL ORDER—DEMURRER.—There can be no appeal from an order of the court sustaining a demurrer when the court renders no final judgment.

3. APPEAL AND ERROR—DEMURRER—FINAL ORDER.—The order of a trial court sustaining a demurrer is not a final judgment but is interlocutory merely.

Appeal from Lawrence Circuit Court; *R. E. Jeffery,* Judge; appeal dismissed.

*Rose, Hemingway, Cantrell, Loughborough & Miles,* for appellant.

The court erred in sustaining the demurrer. 170 S. W. 245.

*W. F. Evans* and *W. J. Orr,* for appellee.

The order sustaining the demurrer was not a final judgment, and no appeal would lie. Kirby's Digest, § 1188; 99 Ark. 496; 102 Ark. 380; 83 Ark. 371; 94 Ark. 119; 44 Ark. 344; 30 Ark. 665.

HART, J. App Davis sued the receivers of the St. Louis & San Francisco Railroad Company to recover the penalty provided in section 6620 of Kirby's Digest, for charging a greater compensation for his transportation as a passenger than is allowed and prescribed by the act. The defendant company demurred to the complaint and the court sustained its demurrer. No judgment was rendered dismissing the complaint of the plaintiff and not even a judgment for costs was rendered.

(1) · When the court sustained the demurrer the plaintiff had his election to amend his complaint, or, to rest and permit final judgment to be rendered dismissing his complaint and then appeal.

(2-3) It is well settled in this State that no appeal lies where there is no final judgment. The order of the court sustaining the demurrer was not a final judgment but was interlocutory, merely.

It follows that the appeal must be dismissed for want of jurisdiction. See *Benton County* v. *Rutherford*, 30 Ark. 665; *Radford* v. *Samstag,* 113 Ark. 185, 167 S. W. 491, and cases cited; *Harlow* v. *Mason*, 117 Ark. 360.

It is so ordered.