### State *v.* Greenville Stone & Gravel Co.

### Opinion delivered January 31, 1916.

1. APPEALS—FINAL ORDER OF LOWER COURT.—An appeal to the Supreme Court may be taken only from a final judgment or order of the lower court.

2. APPEALS—FINAL ORDER—CONSTITUTIONAL QUESTION.—No appeal will lie, under Kirby's Digest, § 1188, sub-division 4, from a decision of the lower court on any motion, even though it involves the constitutionality of any law of this State, unless the decision is a final order or judgment of the court. The mere fact that the constitutionality of a law may be involved in the decision on a motion, would not of itself, render the decision on such motion a final order or judgment.

3. JUDGMENTS—FINALITY—CONSTITUTIONAL QUESTION.—The decision of a trial court, involving the question of the constitutionality of a law, where the court holds that the law is constitutional, will not determine the final merits of the law suit.

4. APPEALS—SUSTAINING DEMURRER—FINAL ORDER.—Where the trial court sustained a demurrer to the complaint, but did not enter any further order or judgment, the action of the court is not final, and no appeal will lie therefrom.

Appeal from Chicot Chancery Court; *Z. T. Wood*, Chancellor; appeal dismissed.

#### STATEMENT BY THE COURT.

This suit was instituted by the State, through the Attorney General and specially employed counsel, against the Greenville Stone & Gravel Company and the Greenville Sand & Gravel Company, hereinafter designated as the companies, to recover for sand and gravel alleged to have been taken by the companies from the bars and beds of the Mississippi River.

The complaint set up that the companies were foreign corporations, and were in fact but one corporation, being owned and controlled by the same persons under different names; that the State owned and was in possession of the lands, including sandbars and gravel beds along the west bank of the Mississippi River from which the companies had removed the sand and gravel; that since 1909 the companies had been dredging, taking and removing sand and gravel from beds and bars belonging to the State and had sold the same to their commercial customers, and had entered into another contract for the future sale and delivery of sand and gravel; that one million yards of sand and gravel had been sold to certain railroad companies, and that it was unknown how much sand and gravel was to be delivered under the new contract in the future. The State asked for a discovery from the books of the companies as to the amount of sand and gravel that had been taken between the years 1909 and 1915, inclusive.

The complaint covers a period for sand and gravel between the year 1909 to the 29th day of March, 1913, before the law was passed making it unlawful to take sand and gravel from the navigable streams in the State, and also a period from the latter date, when such law was passed, to the 11th day of March, 1915, during which time the act of March 29th, 1913, was in effect; and also covering a period from the 11th day of March, 1915, to the date of the institution of this suit, during which time Act 138, approved March 11th, 1915, relating to the taking of sand or gravel, etc., from the beds and bars of navigable streams in this State was in full force and effect. The complaint asked for an injunction, a discovery, and all proper relief.

The companies interposed demurrer No. 1, which was a general demurrer to the complaint as a whole; special demurrer No. 2 to that portion of the complaint which seeks to recover for sand and gravel taken prior to the act of March 29, 1913;* special demurrer No. 3 to that

*Act 265, p. 1088, Acts 1913. (Rep.)

portion of the complaint which seeks to recover for sand and gravel between March 29th, 1913, and March 11th, 1915; and demurrer No. 4 to that part of the complaint which seeks a discovery.

The court overruled the general demurrer, and also all of the special demurrers except No. 2. The court sustained demurrer No. 2. Each of the orders of court overruling the companies' several demurrers, except No. 2, recites as follows: "The court having heard the argument of counsel, and being advised in the premises, doth order and adjudge that said demurrer be and the same is hereby overruled, and defendants praying an appeal in open court and it appearing to the court that a constitutional question is involved in said demurrer, it is ordered that an appeal be and the same is hereby granted upon defendants entering into bond as required by law to be approved by this court."

The order of the court sustaining demurrer No. 2 recites as follows: "The court having heard the argument of counsel and being advised in the premises orders and adjudges that said demurrer be and the same is hereby sustained, and complainant praying an appeal from this order of the court, it is ordered and adjudged that said appeal be and the same is hereby granted."

*Wallace Davis,* Attorney General, *John P. Streepey,* Assistant Attorney General, and *R. W. Wilson,* Special counsel, for the State.

1. The orders overruling the demurrers of the Gravel Company to the complaint are not *final* orders from which an appeal will lie. Kirby's Digest, § 1188. 1 Crawford Dig. "Appeal & Error." 1 d. p 54; 52 Ark. 224. The appeals are premature.

2. Argue the cause on the merits citing 227 U. S. 229; 206 *Id.* 46; 220 *Id.* 53; 53 Ark. 320; 119 Ark. 377; 87 Ark. 531; 152 U. S. 1; 49 Ark. 172; 63 *Id.* 56, and many others.

*Percy & Percy,* of Tennessee, for the Stone & Gravel Co.

Argue the merits and contend that where the title to the soil is in the State, or public, every one has an equal right to take sand and gravel from the bed of a navigable river so far as it may be done without injury to the public interest.  43 L. R. A. 615; 67 *Id.* 773; 58 L. R. A. 93; *State* v. *So. Sand & Material Co.,* 122 Ark. 1; 38 U. S. (Law Ed.) 331; 81 Miss. 507; 62 L. R. A. 397; 113 U. S. 708, and many others.

WOOD, J. (after stating the facts.)  The orders overruling the demurrers of the companies to the complaint of the State are not final orders from which an appeal will lie.

Section 1188 of Kirby's Digest provides: "The Supreme Court shall have appellate jurisdiction over the final orders, judgments and determinations of all inferior courts of the State, in the following cases and no others:

"*First.*  In a judgment in an action commenced in the inferior courts, and, upon the appeal from such judgment, to review any intermediate order involving the merits and necessarily affecting the judgment.

"*Second.*  In an order affecting a substantial right made in such action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action; and when such order grants or refuses a new trial, or when such order strikes out an answer, or any part of an answer, or any pleading in an action; * * *

"*Third.*  In a final order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, and upon such appeal to review any intermediate order involving the merits and necessarily affecting the order appealed from.

"*Fourth.*  Whenever the decision of any motion involves the constitutionality of any law of this State, or where the decision of any such motion has been or shall be placed, in the opinion of the judge making such decis-

ion, upon the unconstitutionality of such law, then an appeal shall lie, and may be made from such decision or from the order entered upon such decision."

(1) This court, in numerous cases, has held that it is only from a final order or judgment of the lower court that an appeal can be taken to this court. See cases collated in 1 Crawford's Digest, "Appeal and Error," 1 d. p. 54. See also cases cited under section supra Kirby's Digest.

In *Davie* v. *Davie,* 52 Ark. 224, Chief Justice Cockrill, speaking for the court, said: "The right of appeal is limited in general to final judgments, and does not extend to interlocutory orders. The object of the limitation is to present the whole cause here for determination in a single appeal and thus prevent the unnecessary expense and delay of repeated appeals." And the court held in that case, concerning the first sub-division of the above section, that it "does not undertake to grant the right of appeal from an interlocutory order, but provides only what the law was without it, that such an order can be reviewed on appeal from the final judgment."

What was said by Judge Cockrill for the court in that case concerning the *first* sub-division is equally true also of the *fourth* sub-division, which the trial court, in the instant case, invoked and embodied in its orders overruling the companies' demurrers and granting an appeal.

(2-3) We have reached the conclusion that, under the fourth sub-division, no appeal will lie from a decision of the lower court on any motion, even though it involves the constitutionality of any law of this State, unless the decision is a final order or judgment of the court. The mere fact that the constitutionality of a law may be involved in the decision on a motion would not of itself render the decision on such motion a final order or judgment. Under the statute giving it appellate jurisdiction over final orders and judgments, and no others, this court would not acquire jurisdiction on the decision of a motion involving the constitutionality of a law unless such decision constituted a final order or judgment in the case.

To hold otherwise would lead to interminable confusion in our decisions and to innumerable appeals from interlocutory orders not decisive of the final rights of the parties, and would thus thwart the very purpose of the law, which, as stated in *Davie* v. *Davie, supra,* was "to prevent unnecessary expense and delay of repeated appeals." It can readily be seen that a decision involving the constitutionality of a law, especially where the court holds that the law is constitutional, would not determine the final merits of the lawsuit at all. On the contrary, the decision on such a motion upon a cause of action, grounded upon the statute, holding that the statute was valid, would, in fact, be but the beginning of the lawsuit.

II. While the court entered an order sustaining appellant's demurrer No. 2, to that portion of the complaint which seeks to recover for sand and gravel taken before the passage of the act of March 29th, 1913, there is no final order or judgment of the court dismissing this portion of the complaint. We therefore, on appeal from this, have no jurisdiction to pass upon the issue as to whether or not the State is entitled to recover on the allegations of this portion of the complaint, the appeal being premature.

(4) An order sustaining a demurrer to a complaint is in effect a holding that the complaint is of no avail and, it seems, is as near a final order as could be conceived, that is not so in fact; yet we have often, and in some very recent cases held that, "where the trial court sustained a demurrer to a complaint without entering any further order or judgment its action was not final and the order can not be appealed from." *Adams* v. *Primmer,* 102 Ark. 380; *Atkins* v. *Graham,* 99 Ark. 496; *Moody* v. *Jonesboro, L. C. & E. Ry. Co.,* 83 Ark. 371.

The appeals are premature, and are therefore dismissed.

Justices Hart and Kirby concur in the judgment only, and think the statute—4th div. of section—makes a judgment declaring a statute unconstitutional a final and appealable order.