FAIRVIEW COAL COMPANY v. ARKANSAS CENTRAL RAILWAY COMPANY.

Opinion delivered April 24, 1922.

1. APPEAL AND ERROR—FINAL ORDER.—An order sustaining a demurrer to the complaint but not rendering any judgment is not a final order from which an appeal will lie.

2. APPEAL AND ERROR—FINAL ORDER.—A recital that, after demurrer to the complaint was sustained, plaintiff excepted and declined to plead further and prayed an appeal to the Supreme Court is not equivalent to a rendition of final judgment for defendant.

Appeal from Logan Circuit Court, Northern District; *James Cochran*, Judge; appeal dismissed.

*Robert J. White*, for appellant.

*Thos. B. Pryor*, for appellee.

HUMPHREYS, J. Appellant instituted suit against appellee in the Logan Circuit Court for the northern district to recover damages on appellee's common-law liability for failure to furnish cars at the Hall Mine switch, about two miles from Paris, in said county, for the purpose of shipping coal from appellant's mine, near the Hall Mine switch, within a reasonable time after being requested to do so. A demurrer was filed to the complaint, which, upon hearing, was sustained by the court, over the objection and exception of appellant. The order sustaining the demurrer was in the following language: "Demurrer is by the court sustained; plaintiff at the time excepts and declines to plead further, and prays an appeal to the Supreme Court, which is granted, and 90 days given to file bill of exceptions herein."

Appellee insists that the appeal from the ruling on the demurrer was premature, as the order was not a final judgment. The appellate jurisdiction of this court is

confined to final orders, judgments and determinations of inferior courts of the State. So appeals from interlocutory orders are premature. Crawford & Moses' Digest, § 2129.

In the case of *Moody* v. *Jonesboro, L. C. & E. R. Co.*, 83 Ark. 371, it appeared in the order of the court that the demurrer to the answer was overruled in part and sustained in part, and that the plaintiff excepted to the ruling of the court, and elected to stand upon his demurrer, and prayed an appeal to the Supreme Court of Arkansas, which was granted. In passing upon the question as to whether the order was final or merely interlocutory, the court said: "The appeal in this case was premature, as no final judgment was rendered. The plaintiff filed a demurrer to the answer of defendant, which the court sustained as to certain defenses set up in the answer and overruled to other defenses contained therein. But no judgment was rendered disposing of the action in any way, not even a judgment for costs was rendered."

In the case of *Davis* v. *Receiver St. L. & S. F. R. Co.*, 117 Ark. 393, the court said: "When the court (referring to the trial court) sustained the demurrer, the plaintiff had his election to amend his complaint, or to rest and permit final judgment to be rendered dismissing his complaint and then appeal." In the case of *State* v. *Greenville Stone & Gravel Co.*, 122 Ark. 151, in holding that an appeal was premature, the court said: "An order sustaining a demurrer to the complaint is in effect a holding that the complaint is of no avail and, it seems, is as near a final order as could be conceived, that is not so in fact; yet we have often, and in some very recent cases, held that, 'where the trial court sustained a demurrer to a complaint without entering any further order or judgment, its action was not final and the order cannot be appealed from.'"

In the instant case it will appear by reference to the order that no final judgment was rendered dismissing the complaint; also that no judgment for costs was rendered

against appellant. It was clearly an interlocutory order, unless the use of the language to the effect that appellant refused to plead further amounted to a final disposition of the case. We think this language a mere recital of the attitude of appellant, and in no sense an act or order of the court. Certainly the language could not have greater effect than the language embraced in the *supra,* to the effect that the plaintiff elected to stand upon his demurrer. One statement seems to be no order in the case of *Moody* v. *Jonesboro, L. C. & E. R. Co.,* stronger than the other, and greater effect should not be given to one than the other. As no judgment was in words rendered disposing of the cause of action, or language used in the order importing that it was a final disposition of the case, the appeal was premature. The appeal is therefore dismissed without prejudice.