McWilliams *v.* Lantz.

Opinion delivered December 6, 1926.

1. EQUITY—INTERLOCUTORY ORDER.—An order sustaining a demurrer to an intervention, without anything further, is not final, but interlocutory, and may be set aside at a subsequent term.

2. EQUITY—JURISDICTION AT ADJOURNED TERM.—Where a demurrer was sustained to a plea in intervention, the court had jurisdiction subsequently at an adjourned day of the same term to proceed to a final decree dismissing the intervention.

Appeal from Ouachita Chancery Court; *George M. LeCroy,* Chancellor; affirmed.

*Hardy & Machen,* for appellant.

*Streett & Streett,* for appellee.

McCulloch, C. J. This action was originally instituted by E. L. Miller in the chancery court of Ouachita County against George Babare and Nick Babare to adjust the accounts between those parties in the operation of a joint ownership or copartnership in an oil well and lease. Numerous creditors of the copartnership were named as defendants, and in the prayer of the com-

plaint there was an application for the appointment of a receiver. The court appointed a receiver to take charge of the property, and directed notice to creditors to be published, so that the claims of all could be presented. There was a final decree for the sale of the property for the purpose of distributing the proceeds among the creditors and the several owners. During the pendency of the action, Miller sold and conveyed his interest to a concern known as the Crandall Producing Company, and that concern sold and transferred the interest to appellee Lantz. The property was sold by a commissioner, and the sale was confirmed. Before the final distribution of the proceeds, appellant McWilliams intervened and asserted a claim against Miller in the sum of $2,000, evidenced by a promissory note containing a recital that the note "acts as a lien on my interest in section 34, township 15 south, range 15 west, Ouachita County, Arkansas, being more particularly described as southwest quarter of southeast quarter, containing 40 acres, of the above section mentioned." The claim of appellant was against the interest of Miller in the proceeds of the sale, which had been transferred by the latter to Crandall Producing Company and by that concern to Lantz.

Appellant's claim was filed on January 26, 1925, and, on February 17, 1925, appellee Lantz filed a demurrer to the intervention, which was sustained by the court on that day. The order of the court did not, however, dismiss the complaint of appellant but merely sustained the demurrer, and allowed time to appellant to plead further. On March 25, 1925, appellee filed an additional motion to strike out the intervention of appellant, setting up grounds for holding that appellee's purchase of the Miller interest was superior to any claim by appellant. The court made an order vacating the original order of the court sustaining the demurrer on February 17, 1925, and proceeded to final decree in favor of appellee, dismissing appellant's intervention for want of equity. An appeal has been duly prosecuted, and appellant bases his grounds for reversal solely upon the contention that the order sus-

taining the demurrer on February 17 was final, that the court adjourned before the order was made on March 25 vacating the former order, and that the court was therefore without jurisdiction of the cause.   There are two all-sufficient answers to this contention.   In the first place, the order sustaining the demurrer, without anything further, was not final, but was interlocutory, and could have been set aside at a subsequent term.   *Benton County* v. *Rutherford*, 30 Ark. 665; *Radford* v. *Samstag*, 113 Ark. 185, 167 S. W. 49; *Davis* v. *St. Louis-San Francisco Ry. Co.*, 117 Ark. 393, 174 S. W. 1196.   In the next place, the record does not bear out the contention that the court had adjourned for the term between the date of the order sustaining the demurrer on February 17 and the date of the final decree, March 25, 1925.   On the contrary, the records show that the court did not finally adjourn, as the time for the date for new term of court had not arrived.   These proceedings were in the second division of the chancery court of Ouachita County, which convenes on the third Mondays of February and May, and the order of March 25, 1925, was rendered on an adjourned day of the February term.

Appellant has not attempted to bring up the evidence upon which the court based its decree, but contents himself with the claim that the court was without jurisdiction to render the decree for the reason that the case had been finally disposed of at a prior term of the court.   This contention being unfounded, the decree must be affirmed, and it is so ordered.