PORTIS v. BOARD OF PUBLIC UTILITIES, LEPANTO.

4-8438                                          208 S. W. 2d 772

Opinion delivered February 2, 1948.

*John S. Mosby,* for appellee.

*PER CURIAM.* This appeal involves two cases consolidated by order of the chancery court.

In the first case (No. 3412 on docket of the lower court), appellee, T. B. Goldsby, a taxpayer of the town of Lepanto, sought an injunction against the said town and its mayor and aldermen to prevent them from issuing revenue bonds of the municipal sewer and water plants to pay for certain improvements thereon, the pro-

posed action of the mayor and aldermen being alleged to be illegal because of the fact that these plants were in charge of a Board of Public Utilities created in pursuance of Act 95 of the General Assembly of Arkansas of 1939. The mayor and aldermen answered, denying lack of authority on their part to issue the bonds. The plaintiff demurred to this answer, and his demurrer was sustained.

In the second case (No. 3413 on docket of the lower court), D. F. Portis, another taxpayer of Lepanto, prayed an injunction against the members of the Board of Public Utilities of the town, to prevent them from carrying out their avowed purpose to issue revenue bonds of the sewer and water plants for the purpose of making the proposed improvements. The Board of Utilities answered, denying plaintiff's allegation that it lacked authority to issue bonds, and asserting that this authority was granted to it under Act 95 of the General Assembly of Arkansas of 1939. The plaintiff demurred to this answer and his demurrer was overruled.

In neither case did the court render any decree or make any final disposition of the suit. In one case the demurrer of the plaintiff to the answer of defendants was sustained; in the other case the demurrer of plaintiff to the answer of the defendant was overruled. But there was no final adjudication in either case, so as to constitute an appealable order.

We have frequently held that where the record shows only an order made by the lower court disposing of a demurrer, and no final order or judgment, no appealable order is shown. *Campbell* v. *Sneed,* 5 Ark. 398; *Hamilton* v. *Buxton,* 5 Ark. 400; *Hanger & Co.* v. *Keating,* 26 Ark. 51; *Johnson* v. *Robinson,* 9 S. W. 432; *Gates* v. *Solomon,* 73 Ark. 8, 83 S. W. 348; *Moody* v. *Jonesboro, Lake City & Eastern Railroad Company,* 83 Ark. 371, 103 S. W. 1134; *Atkins* v. *Graham,* 99 Ark. 496, 138 S. W. 878; *Adams* v. *Primmer,* 102 Ark. 380; 144 S. W. 522; *Davis* v. *Receivers St. Louis & San Francisco Railroad Company,* 117 Ark. 393, 174 S. W. 1196; *State* v. *Greenville Stone & Gravel Co.,* 122 Ark. 151, 182 S. W. 555; *Fair-*

*view Coal Co.* v. *Ark. Central Railroad Co.,* 153 Ark. 295, 239 S. W. 1058.

Since the lower court has made or rendered no final order or decree, the appeals must be dismissed as being premature; and it is so ordered.

## ON REHEARING

*Per Curiam.* The record having been amended to show that the lower court made final orders (not shown in original transcript) in these cases, the order of this court, dismissing the appeals as premature is set aside. These cases are set for submission on March 29, 1948.

The question involved is whether, after a municipal light plant, water plant or sewerage system in a city of the second class or incorporated town has been placed in charge of a Board of Public Utilities pursuant to Act No. 95 of the General Assembly of 1939, bonds secured by the net revenue of such plant or system may be issued to pay for enlargement or repair thereof; and, if so, whether the City Council or the Board of Public Utilities is authorized to issue such bonds. Interested attorneys are invited to submit briefs *amici curiae.*

See same case 213 Ark.