ARKANSAS STATE BOARD OF ARCHITECTS *v.* LARSEN.

5-989                                    291 S. W. 2d 269

Opinion delivered June 11, 1956.

*Mehaffy, Smith & Williams* and *B. S. Clark,* for appellant.

*Bethell & Pearce,* for appellee.

Ed. F. McFaddin, Associate Justice. This appeal must be dismissed because of the absence of a final order from which an appeal might be prosecuted.

The appellant, Arkansas State Board of Architects[1], filed suit in equity against the appellee, Larsen. The complaint alleged that Larsen had prepared plans and specifications for the construction of a shopping center in Fort Smith; and that appellee was not a licensed architect, as required by § 71-301 et seq. Ark. Stats. The prayer of the complaint was that Larsen be enjoined from the further practice of architecture. To the complaint Larsen demurred on the ground that the Board's remedy at law was adequate. The Chancery Court sustained the demurrer and entered an order, which recited:

". . . that the Demurrer of the defendant to the Complaint of the plaintiff be, and the same is hereby, sustained, and the plaintiff is given leave to file an amendment to its Complaint within thirty days from this date, if so advised, and the defendant shall recover his costs herein expended, to all of which the exceptions of the plaintiff are noted."

Appellant attempts to appeal from the above quoted order; and appellee says: "The order from which this appeal is taken is not a final and appealable order." The appellee is correct. We have frequently held that where the record shows only an order made by the lower court disposing of a demurrer, and no final order or judgment, no appealable order is shown. *Campbell* v. *Sneed,* 5 Ark. 398; *Hamilton* v. *Buxton,* 5 Ark. 400; *Hanger & Co.* v. *Keating,* 26 Ark. 51; *Johnson* v. *Robinson,* 9 S. W. 432; *Gates* v. *Solomon,* 73 Ark. 8, 83 S. W. 348; *Moody* v. *Jonesboro, Lake City & Eastern Rr. Co.,*

---

[1] See § 71-301 et seq. Ark. Stats. for the law creating the appellant Board and involved in this case.

83 Ark. 371, 103 S. W. 1134; *Atkins* v. *Graham,* 99 Ark. 496, 138 S. W. 878; *Adams* v. *Primmer,* 102 Ark: 380, 144 S. W. 522; *Davis* v. *Receivers St. Louis & San Francisco Rr. Co.,* 117 Ark. 393, 174 S. W. 1196; *State* v. *Greenville Stone & Gravel Co.,* 122 Ark. 151, 182 S. W. 555; *Fairview Coal Co.* v. *Ark. Central RR. Co.,* 153 Ark. 295, 239 S. W. 1058.

The provision in the order here involved — adjudging the recovery of costs — does not make the order final. In *Johnson* v. *Robinson*[2], 9 S. W. 432, this Court, speaking through Chief Justice Cockrill, said, in a similar situation:

"A demurrer to the complaint was sustained, and costs thereupon awarded against the plaintiff. From these orders he appealed. There is no final judgment; nothing from which an appeal will lie. *Benton Co.* v. *Rutherford,* 30 Ark. 665, *Hamlett* v. *Simms,* 44 Ark. 141. Dismissed."

The provision in the order here involved — allowing time for amendment "if so advised" — does not make the order final after thirty days. In *Radford* v. *Samstag,* 113 Ark. 185, 167 S. W. 491, the trial court over-ruled a demurrer and allowed thirty days for answer; and such order was held not to be final and appealable. We there said:

"This was not a final order, and did not adjudge the rights of the parties, and there was nothing to prevent the court from reconsidering the demurrer, while said cause was still pending and undisposed of before him, and from changing his opinion and decision if he saw proper to do so."

Since the record in this case does not show that[3] the Trial Court made a final order or decree, the appeal must be dismissed as premature.

---

[2] The opinion in this case does not appear in the Arkansas Reports; so we have quoted it in full herein.

[3] It is interesting to note that in the case of *Radford* v. *Samstag, supra,* the Trial Court several terms later decided that the original demurrer should have been sustained; and we held that the Trial Court never lost jurisdiction after over-ruling the demurrer. Another interesting case is that of *Portis* v. *Board of Public Utilities,* 212 Ark. 822, 208 S. W. 2d 772.