COBBS *v.* SPEIGHTS.

5-2110                                        334 S. W. 2d 886

Opinion delivered May 2, 1960.

[Rehearing denied May 30, 1960]

*George E. Snuggs,* for appellant.
*Melvin E. Mayfield,* for appellee.

PAUL WARD, Associate Justice. On August 26, 1957 appellant, G. E. Cobbs, filed a Complaint in Ejectment against appellees, Marvin E. Speights and wife, alleging that he was the owner of certain lots in the Town of Smackover and tracing his title thereto through conveyances from two successive predecessors dating back to 1946. It was further alleged that appellees had unlawfully erected and were wrongfully maintaining a fence on his land over his repeated demands for possession. The prayer was that appellees be evicted.

To the above Complaint appellees filed a general Demurrer, which the trial court treated as a motion to make more definite and certain and granted appellant twenty days to comply.

On November 5, 1957 appellant filed an Amended and Substituted Complaint to which appellees filed an Answer containing a general denial on January 8, 1958. On January 13, 1958 appellant filed a Motion to Strike said Answer because it was not filed in the time allowed by statute. The trial court overruled this motion and ordered appellees to file further defensive pleadings within thirty days.

On February 17, 1958 appellees filed an Answer alleging seven years adverse possession, and also asked that appellant's Complaint be dismissed. To that pleading appellant filed a Motion to Dismiss on the ground that it was not filed within the statutory time or within the time allowed by the trial court. Later appellant filed a Motion for Judgment and for a Finding of Facts and Declarations of Law, whereupon appellees filed an Amended and Substituted Answer. On August 20, 1959 appellant filed a Motion to Strike the above mentioned pleadings and the trial court again overruled appellant's Motion.

On September 5, 1959 appellant filed a Petition for Judgment on the Pleadings which the trial court once more overruled.

It will be noted from the above that at no time did the trial court dismiss appellant's Complaint or cause

of action, nor was appellant prevented from proceeding to a final decision on the merits. In other words the trial court made no final order from which an appeal will lie to this Court. The law in this respect was well settled in the case of *Arkansas State Board of Architects* v. *Larsen,* 226 Ark. 536, 291 S. W. 2d 269, and the numerous decisions cited therein.

In view of the above the appeal must be dismissed as premature.

Appeal dismissed.