CHENEY, COMMR. *v.* MURPHY CORP.

5-2576                                      353 S. W. 2d 188

Opinion delivered January 29, 1962.

*Herrn Northcutt,* for appellant.

*Crumpler & O'Connor* and *Jerry W. Watkins,* for appellee.

JIM JOHNSON, Associate Justice. This case arises out of a dispute over the existence of a State Income Tax deficiency. The dispute concerns a disagreement in the interpretation of the meaning of the words ''on or after the passage of this Act'' as they appear in Act 147 of 1957.

The litigation began in 1961 following a notice of deficiency which appellant, Commissioner of Revenues, forwarded to appellee, Murphy Corporation, on January 18, 1961.

The notice of deficiency provided that Murphy could, within 30 days, request a hearing. Upon receipt of the notice, Murphy promptly requested a hearing. The only response the Commissioner made to such request was to reply that the matter appertaining to appellee was being placed in suspense pending the outcome of similar litigation. On February 21, 1961, Murphy made a formal request for a review of its tax return as provided in Ark. Stats., § 84-2037, and stated that a failure of the Commissioner to set a hearing would be considered a determination by appellant adverse to the claims of appellee. To this, the Commissioner made no reply. Thereafter, on March 10, 1961, appellee filed its complaint in the Union Chancery Court seeking a judicial review of the matter.

Appellant filed a motion to dismiss contending that:

''. . . defendant is domiciled in Pulaski County, Arkansas, and that the Arkansas Statutes, No. 27-603 and No. 34-201, provides that all actions brought against State Commissioners for their official actions shall be brought in the County wherein the site of government is located or the defendant resides, or in other words, Pu-

laski County, Arkansas. Therefore the Chancery Court of Union County, Arkansas, is without jurisdiction to hear and determine said cause."

In answer to appellant's Motion to Dismiss, appellee urged that:

"The Defendant moves to dismiss on the basis of Ark. Stats., Section 27-603 and Section 34-201, which are general venue statutes, last amended in 1871. Said motion should be denied for the reason that this action is brought under the provisions of Ark. Stats. Section 84-2038, enacted in 1929, which specifically provided that an action of this type may be brought in the county 'in which the taxpayer resides or has his principal place of business.' This statute was construed and upheld by the Supreme Court of Arkansas in *Cook* v. *Wofford,* 209 Ark. 824, wherein the jurisdiction of the Sebastian Chancery Court was upheld."

Thereupon, appellant, at the hearing on the motion, requested permission to withdraw his motion to dismiss and to file a demurrer. The request was granted and the demurrer was filed. The trial court found that appellee's petition stated a cause of action and overruled appellant's demurrer in its entirety. Appellant declined to plead further and chose to stand on his demurrer. No further order or ruling was requested or issued by the court.

From the order overruling the demurrer, appellant attempts an appeal.

For reversal, the following points are urged:

1. The appellee did not exhaust its administrative remedies before filing a court action.

2. The appellee is barred from filing its cause of action until it has paid or tendered the amount of assessment.

3. The allegations of appellee's complaint were too general and insufficient to state a cause of action.

4. Sub-Item C of Item 2 of Sub-Section (1) of Section 13 of Act 147 of 1957, is irreconcilable with the grant of 'Net Loss Operation' deduction in the remainder of Items 1 and 2; stands last in position and should prevail.

To counter appellant's contentions, appellee concedes that "as abstract propositions of law, appellant's contentions are not without merit." However, appellee insists that they have no application to this case since the matter should be heard on its merits. Notwithstanding the interesting and seemingly meritorious arguments advanced by both the appellant and appellee in support of their contentions, we find from an examination of the record that the only order entered by the trial court was the order overruling appellant's demurrer to appellee's complaint. This being true, we have no choice but to apply the rule as set forth in the strikingly similar case of *McCarroll, Commissioner of Revenues* v. *Gregory-Robinson-Speas, Inc.,* 197 Ark. 1175, 125 S. W. 2d 452, wherein this Court said:

"The order overruling the demurrer to the complaint was an interlocutory order and not being a final judgment was not appealable to this Court. The appeal was, therefore, prematurely taken. The case is still pending in the chancery court notwithstanding the attempted appeal from the order overruling the demurrer to the complaint. *Gates* v. *Soloman,* 73 Ark. 8, 83 S. W. 348. This Court decided in the case of *Davis* v. *Biddle,* 117 Ark. 393, 174 S. W. 1196, that no appeal lies where there is no final judgment, and an order sustaining a demurrer being only an interlocutory judgment, an appeal therefrom would be dismissed for want of jurisdiction and also decided in *State* v. *Greenville Stone & Gravel Co.,* 122 Ark. 151, 182 S. W. 555, that orders overruling demurrers were not appealable since they were not final orders. . . ."

Accordingly, in the case at bar, the order overruling the demurrer to the complaint not being a final order, the appeal is dismissed.