CERNAUSKAS *v.* FLETCHER.

4-8204                                                  201 S. W. 2d 999

Opinion delivered May 12, 1947.

*Brooks Bradley,* for appellant.

*Sherrill, Cockrill & Wills,* for appellee.

McHaney, Justice. Appellee, as Catholic Bishop of the Diocese of Little Rock, is the owner of block 299, original city of Little Rock. It is bounded on the north by Garland street, on the east by Cross, on the south by Markham and on the west by Pulaski. This block has never been platted into lots. An alley-way runs east and west through the middle of said block, but there are no abutting improvements on said alley. Appellant resides on the west side of Pulaski street, between Markham and Garland, and he has used said alley for many years as a convenient, but not necessary, passage-way to get to and from his property in his automobile. While Pulaski street is not available to him from Markham, due to a deep cut in Markham as it goes west to the Union depot, it is available to him from Garland.

At appellee's instance, the Little Rock city council, on August 6, 1946, passed Ordinance No. 7087, closing said alley. The ordinance recites that a manufacturing concern desires a location in the city of a size sufficient to house its various branches and that the owner of block 299 is willing to construct a building thereon of sufficient size to accommodate the business of said concern, provided said alley is closed so that a large enough building may be constructed to accommodate said concern. Later Ordinance No. 7147 was passed which reclassified said property to that of class "K" heavy industrial district.

Appellant brought this action to enjoin appellee from closing said alley. The complaint alleged the facts set

out above and also that appellee's petition to close said alley was not filed in accordance with Act 17 of 1945, in that the petition did not have attached a certified or photostatic copy of any plat showing said alley to be vacated. It further alleged that no plat of said property has ever been filed in the recorder's office of Pulaski county. Also that he had a prescriptive right thereto. Appellee demurred to the complaint. The court sustained the demurrer and, appellant electing to stand on his complaint, it was dismissed for want of equity. Hence this appeal.

We think the court correctly sustained the demurrer. Act 17 of 1945 has no application here. By it, cities of the first and second class and incorporated towns, in § 1, are "given the power and authority to vacate public streets and alleys—under the conditions and in the manner herein provided." One of the conditions set out in § 2 is that the owner of the property has dedicated a portion thereof to the public use as streets or alleys "by platting such property and causing such plat to be filed for record." Here, there was no plat of said block into lots and no dedication of the alley ordered closed. So the act does not apply. The repealing clause reads: "All laws and parts of laws, and particularly Act 311 of the Acts of 1941, are hereby repealed." Section 8. No doubt the legislature meant to repeal all laws in conflict with that act, and, by error of the author or the typist, left out the usual words, "in conflict herewith," which we will imply by necessary construction. When so construed this act does not repeal § 9944 of Pope's Digest, subsection Third, which provides: "To alter or change the width or extent of streets, sidewalks, alleys, avenues, parks, wharves and other public grounds, and to vacate or leave out such portions thereof as may not for the time being be required for corporate purposes . . ."

It was held in *Helena* v. *Wooten,* 98 Ark. 156, 135 S. W. 828, construing sub-section "Fourth" of said section, that: "This section contemplates that municipalities shall have control over their streets," although it had previously held in *Beebe* v. *Little Rock,* 68 Ark. 39,

56 S. W. 791, that the city had no authority to sell, exchange or give away streets. See, also, *State ex rel. Latta* v. *Marianna,* 183 Ark. 927, 39 S. W. 2d 301.

We conclude that the city had the power and authority to close said alley under the facts here presented.

As a second and final ground of reversal, appellant argues that by prescription he has acquired an easement over the alley which cannot be revoked by the city council. A sufficient answer to that contention is that the complaint did not allege the length of time he has continuously traveled over said alley. The complaint as abstracted alleges that "for many years he has used the alley to reach his home." "Many" may mean more or fewer than seven years, the minimum time to establish a prescriptive easement. *McLain* v. *Keel,* 135 Ark: 496, 205 S. W. 894.

Words and Phrases defines the word "many" as "a word of very indefinite meaning, and, though it is defined to mean 'numerous' and 'multitudinous,' it is also recognized as synonymous with 'several,' 'sundry,' 'various' and 'divers'." So, he did not allege that he had used the alley for more than seven years, and thereby established a prescriptive right to its use.

The decree is, accordingly, affirmed.