Roberts *v.* Pace.

5-1812                                        322 S. W. 2d 75

Opinion delivered March 23, 1959.

*Gean, Gean & Gean,* for appellant.

*Pettus Kincannon* and *Harper, Harper, Young & Durden,* for appellee.

Paul Ward, Associate Justice. This litigation concerns the closing of an alley in the City of Fort Smith.

A clear picture of the location of the alley, the surrounding property, and the several ownerships will help to understand the issues and procedure involved.

The alley in question is 20 feet wide and approximately 300 feet long, and runs north and south. It is closed at the south end by abutting property, but is open at the north end. There are 7 lots of equal width abutting on the east side of the alley, all in Schuetzen's Park Addition. These lots are numbered from 13 (beginning at the south end of the alley) to 7 inclusive. Lot 13 is owned by appellants, Roy C. Roberts and his wife, and the other lots are owned by Jack E. DeWitt and his wife Alice. The several lots abutting on the west side of the alley are in Block 4 of Foltz Addition No. 1, and are all owned by Jack E. DeWitt and his wife. Appellants bought said lot 13 on September 8, 1956.

On February 28, 1958, Jack E. DeWitt and his wife filed a petition with the Board of Commissioners of Fort Smith to vacate or close all of the alley except the south portion lying west of Lot 13. The petition stated that the portion of the alley sought to be vacated or closed had not been used by the public for a period of 5 years previous to filing the petition. The prayer was that the Board fix a date for a hearing, after notice, and that an ordinance be enacted vacating said portion of the alley. Attached to the petition were affidavits of non-usage of the alley for 5 years, and the written consent of Mr. and Mrs. West, who of course, owned all the property abutting on the portion of the alley sought to be closed. We point out here that while appellants' owned property (Lot 13) abutting on the alley they did not own property abutting on the portion sought to be closed, and further that, since the south end of the alley was closed as before stated, the portion of the alley west of lot 13 would be inaccessible from either end of the alley should appellees prevail in this litigation.

A hearing was had before the Board at which time appellants appeared and entered their objections.

Following the above, on April 8, 1958, Ordinance No. 2239 was adopted wherein it was stated, among other things, that the alley had been dedicated to the public use as an alley, that it had not been used by the public generally for a period of 5 years, that the owners of the

property abutting such portion of the alley had filed their written consent to abandonment, and that the public interest and welfare would not be adversely affected by the abandonment of such portion of said alley.

On or about April 28, 1958, appellants filed a complaint in equity against the Board of Commissioners and Mr. and Mrs. DeWitt setting out the facts and procedure set out above, that they were the owners of said lot 13, that the City was closing the alley adjacent to their property without their written consent, that they were thus being deprived of their property rights, and that appellees were proceeding under Ark. Stats. Sections 19-3824 *et seq.* Their prayer was that Ordinance No. 2239 be declared void and that appellees be enjoined from closing the said portion of the alley.

In their answer appellees stated, in addition to certain denials, that the Board of Commissioners had authority to enact said ordinance either under Ark. Stats. Sections 19-3824 *et seq.* or under Section 19-2304.

Upon submission after the introduction of voluminous testimony, the most of which related to the usage and non-usage of the alley during the said five year period, the trial court found: The Board of Commissioners lawfully enacted said ordinance under either Section 19-2304 or Section 19-3825, Ark. Stats. The portion of said alley is no longer required for corporate purposes, and it has not actually been used by the public as an alley for a period of five years before the filing of De-Witts' petition; All property owners abutting on the said portion of the alley had given their written consent to closing the same as required by Section 19-3827, Ark. Stats.; Appellants' complaint is not supported by the weight of the evidence, and; Appellants' complaint should be dismissed. Appellants have appealed from the order of dismissal.

After a careful analysis of the original petition filed with the Board of Commissioners by the DeWitts, the ordinance, and the nature of the hearing before the trial court, we are of the opinion that the proceeding here

was initiated pursuant to Ark. Stats. Sections 19-3824 *et seq.* as contended by appellants, and not under the provisions of Section 19-2304 as suggested by appellees and the trial court. The latter section grants additional powers to cities of the first class to "alter or change the width or extent of streets, sidewalks, alleys" *etc.* "and to vacate and lease out such portions thereof" *etc., in order to better provide for the public welfare, safety, comfort* and *convenience* of *the inhabitants of the city.* This section has no provision about the consent of abutting property owners and none about a hearing before the city council or Board of Commissioners. In the hearing before the Chancellor appellees did not proceed on the theory that a portion of the alley should be closed in order to *provide for the public welfare.* On the other hand there are many convincing indications that this entire proceeding was instituted and tried pursuant to Sections 19-3824 *et seq.* DeWitts' petitions to the Board of Commissioners was obviously based on Section 19-3825 which requires a non-usage for 5 years, based on Section 19-3826 which provided for a petition by abutting property owners, and based on Section 19-3827 which provides for notice of a hearing and also requires *"the written consent of the owners of all lots abutting on the street or alley, or the portion thereof to be vacated."*

The question presented then is whether, in closing the portion of alley involved, all of the requirements of Sections 19-3824 *et seq.* have been satisfied. The answer to this question is not clearly indicated by any decision pointed out to us or by any that our research has disclosed.

It is the contention of appellees that it was necessary only to have the written consent of all the property owners abutting the *portion* of the alley affected. For the purpose of this opinion it may be conceded that all other requirements of the pertinent statutes were satisfied in this case. This contention is based on the peculiar wording in Section 19-3827 which we have underscored above.

We think however appellees make the mistake of assuming that they have closed only a portion of the alley and not all of it. It is too obvious for argument that from a practical standpoint, and particularly as regards appellants' right of ingress and egress, the entire alley will be closed if both ends are closed. We express no opinion as to what our holding would be if the south end of the alley was not closed.

If we consider, as we do, that the entire alley will be closed under Ordinance No. 2239 and the trial court's ruling, then appellees must fail because all the abutting property owners have not given their written consent, a prerequisite required by the statute. We agree with appellees that Sections 19-3824 *et seq.* did not repeal Section 19-2304, and agree also that this action would not be *res judicata* of any future litigation between these parties instigated under Section 19-2304. See *Cernauskas* v. *Fletcher*, 211 Ark. 678, 201 S. W. 2d 999, and *Risser* v. *Little Rock*, 225 Ark. 318, 281 S. W. 2d 949.

For the reasons above stated, the decree of the trial court must be, and it is hereby, reversed.

Reversed.