STEPHENS *v.* CITY OF SPRINGDALE.

5-2435                                           350 S. W. 2d 182

Opinion delivered September 25, 1961.

[Rehearing denied November 6, 1961.]

*Carlos B. Hill,* for appellant.

*Charles E. Davis, Lovell & Evans,* for appellee.

ED. F. McFADDIN, Associate Justice. The appellants prosecute this appeal from a Decree of the Chancery Court (a) sustaining a demurrer to their amended and substituted complaint and (b) granting appellees' motion to dismiss the complaint. Since the record contains no statement to the effect that the appellants—plaintiffs below—elected to stand on their amended and substituted complaint after the demurrer was sustained, we cannot treat the order of the Court sustaining the demurrer as a final and appealable order. *Portis* v. *Board,* 212 Ark. 822, 208 S. W. 2d 772; and *Ark. State Board* v. *Larsen,* 226 Ark. 536, 291 S. W. 2d 269. There-

fore, we only consider whether the Court was correct in dismissing the complaint on motion of the defendants and without hearing testimony. The ground for dismissal as alleged in the motion was, that the plaintiffs did not file their suit in apt time.

On August 11, 1959, the City Council of Springdale adopted its Ordinance No. 466, which closed Cleveland Street for one block (between Emma Street and Johnson Street).[1] The ordinance was published on August 13, 1959, and this suit was instituted by the plaintiffs on September 11, 1959. The plaintiffs are property holders on Cleveland Street, adjacent to that portion of the street that was closed.[2] The defendants are the City of Springdale and its Mayor and City Council, and will be collectively referred to as "The City." The purpose of the suit was to enjoin the enforcement of the Ordinance No. 466. The City filed a motion to dismiss the complaint, claiming that the ordinance was passed on August 11th and the suit was not filed until September 11th, which was thirty-one days after the passage; and the City claimed that the "period of limitations" was thirty days. To sustain such plea of limitations, the City relies on its Ordinance No. 320 and certain legislative enactments and statutes. A careful study of all of these fails to show that the City's plea of limitations contains any merit:

(a) Ordinance No. 320 of the City of Springdale provides that all referendum petitions under Amendment 7 to the Constitution of Arkansas must be filed with the City Clerk *within thirty days* after the passage of the challenged ordinance. The present suit is a plenary suit in the Chancery Court and is not an effort to

---

[1] The ordinance also closed the alley running east and west through the said block; but the closing of the street is the point in dispute.

[2] To allege damages not common to inhabitants generally, the amended and substituted complaint contained this language: "Plaintiff O. W. Collins, in his own behalf, states that he is the owner of a grocery store situated at the intersection of said Cleveland Street and Emma Avenue; that a great majority of his customers must travel over the said Cleveland Street in order to reach his store for the purpose of purchasing groceries and supplies, and that this plaintiff will, if the said Cleveland Street is closed as proposed in the said Ordinance No. 466, suffer special damages by reason of a loss of business."

obtain a referendum. A 30-day period of limitations has been held reasonable for the referendum of city ordinances. *Railey* v. *City of Magnolia*, 197 Ark. 1047, 126 S. W. 2d 273. But the present suit is not a referendum; so the ordinance has no application, even assuming, without deciding, that the City could, by ordinance, shorten the ordinary statutory time for filing a suit to enjoin the enforcement of an ordinance. So the Ordinance No. 320 is no basis for sustaining the motion to dismiss.

(b) Section 19-3824 *et seq.*, Ark. Stats. (being Act No. 17 of 1945) relates to streets that have not been used for five years. The complaint in the case at bar negatived that condition as regards the street here in issue. The complaint alleged that the street in question was being used and had been used for fifty years. In the absence of testimony to the contrary, the motion to dismiss could not prevail as against such allegations in the complaint. So the said statute affords no grounds for sustaining the motion to dismiss.

(c) Act 210 of 1931 (now found in § 19-3817, Ark. Stats.) relates only to "alleys or other passageways across a block." Here we are dealing with a street and not merely an alley across a block; so that act affords no foundation for sustaining the motion to dismiss insofar as concerns the street.

(d) Act 40 of 1927 (as now found in § 19-3813 *et seq.*, Ark. Stats.) relates to cities "now or hereafter" having "a population of more than 15,000 inhabitants, as shown by the last Federal Census." We take judicial notice of the Federal Census figures (*Board of Trustees* v. *Pulaski County*, 229 Ark. 370, 315 S. W. 2d 879), and, according to the 1960 Federal Census, the population of Springdale was 10,076. So the Act 40 of 1927 has no application to this case.

(e) Finally, the City relies on § 19-2304, Ark. Stats., which, in Sub-section 2, gives cities of the first class—as Springdale is—the power "to alter or change the width or extent of streets . . . and to vacate

. . . such portions thereof as may not . . . be required . . .". We are convinced that the City of Springdale was proceeding under this § 19-2304 in enacting the Ordinance No. 466 here involved. See *Cernauskas* v. *Fletcher*, 211 Ark. 678, 201 S. W. 2d 999; and *Roberts* v. *Pace*, 230 Ark. 280, 322 S. W. 2d 75. But § 19-2304, Ark. Stats. contains no provision limiting to thirty days any attack on the ordinance of the City. The ordinary statutory period for suits against the enforcement of an ordinance would apply.

To summarize, we find no authority to support the action of the Trial Court in dismissing the complaint, and such ruling is reversed. Since the ruling on the demurrer is not a final and appealable order, and since the order of dismissal is reversed and the cause remanded, the result is that the cause will still be pending before the Trial Court for further proceedings not inconsistent with this opinion.

Reversed.