Charles Edward ADAMS *v.* STATE of Arkansas

CA CR 80-2                          599 S.W. 2d 437

Court of Appeals of Arkansas
Opinion delivered May 14, 1980
Released for publication June 4, 1980

John W. Achor, Public Defender, by: Sandra T. Beavers, Deputy Public Defender, for appellant.

Steve Clark, Atty. Gen., by: Mary Davies Scott, Asst. Atty. Gen., for appellee.

STEELE HAYS, Judge. Appellant pleaded guilty to four counts of Obtaining a Controlled Substance by Fraud in violation of Ark. Stat. Ann. § 82-2619. The trial court sentenced appellant to the Arkansas Department of Corrections for two years on each count. The sentences were suspended, and defendant was placed on probation for two years. During the probation period, appellant was directed to enter and successfully complete the drug rehabilitation program at the Veterans Administration Hospital.

Upon appellant's discharge from the program, the prosecuting attorney filed a petition for revocation of the suspended sentence on grounds that appellant did not successfully complete the program. The court granted the petition of revocation and sentenced appellant to three years in the Arkansas Department of Correction. Appellant appeals from the lower court.

Appellant's first point for reversal is that the trial court erred in admitting into evidence privileged, confidential communications made for the purpose of treatment of drug addiction. With a social worker, psychotherapist, and all the members of the treatment program present, appellant stated that he had made a telephone call from the premises attempting to purchase marijuana.

Rule 504(3) of the Uniform Rules of Evidence states:

A communication is 'confidential' if not intended to be disclosed to third persons, except persons present to further the interests of the patient in the consultation, examination, or interview, persons reasonably necessary for the transmission of the communication, or persons

who are participating in the diagnosis and treatment under the direction of the physician or psychotherapist, including members of the patient's family.

Ark. Stat. § 71-2822 (Repl. 1979) states that the communications between a social worker and his or her patient are confidential communications.

The State contends that the statement made by appellant was not privileged because it was not made during a drug treatment session, but rather a meeting for the purpose of investigating the possible use or sale of drugs by those in the drug treatment program.

At the revocation hearing, the testimony was ambiguous and conflicting as to what the actual purpose of the meeting was. Appellant in his testimony stated that the remark was made during "group therapy", and immediately thereafter changed his mind:

> ... I mean, in a session with all the members of the program involved, and it was just asked, 'What's going on?'

The social worker, Mr. Homer Thayer, when asked whether the statement was made during a "psychotherapy session", answered "no". Then, counsel for appellant asked:

Q.: —or a treatment session?

A.: No, sir. It was not.

Q.: Were there any — are there any group therapy sessions?

A.: No, sir.

Q.: Well, what was it, was it merely recreational?

A.: No, sir.

Q.: Well, what was the status of the group, at that time?

A.: I'm not sure I understand your question, sir.

Q.: Well, I mean, was it a . . . was this group a part of the program of treatment?

A.: Yes, sir.

Q.: This statement occurred during a program of treatment with a psychiatrist or a social worker present?

A.: All but a psychiatrist.

Q.: Okay. And this was an official part of the program of treatment at your facility, when this statement was made?

A.: If I might take a little liberty, not a scheduled part of the program, but a part of the program.

Q.: Okay. It was a part of the program, though?

A.: It was a reaction to the situation.

From the testimony above, it is impossible to determine whether the meeting in question would invoke Rule 503, of the Uniform Rules of Evidence regarding confidential communications. However, we find it unnecessary to render judgment on the issue since the trial judge had made appellant's probation conditional upon appellant's successful completion of the drug rehabilitation program. The trial judge expressly recognized this fact when addressing counsel for appellant after he objected to Mr. Thayer's testimony:

> On the other hand, if you want to invoke this privilege, the court may permit you to do so. But this man can say, without violating the privilege, that he is no longer a patient there. . . . And my records would show that if he is not a patient there, he is in contempt of court and he is violating the rules and regulations that I permitted him to go there.

The trial judge has the authority to grant a conditional

probation under Ark. Stat. Ann. § 41-1203(2)(3):

> (2) If the court suspends imposition of sentence on a defendant or places him on probation, it may, as a condition of its order, require that the defendant:
>
> . . . (e) participate in a community-based rehabilitation program.

An appellate court will not overturn a trial judge's granting of a petition of revocation unless it is clearly against the preponderance of the evidence. *Cureton* v. *State*, 266 Ark. 363, 589 S.W. 2d 204 (Ark. App. 1979); *Pearson* v. *State*, 262 Ark. 513, 558 S.W. 2d 149 (1977); Ark. Stat. Ann. § 41-1208(4). In the instant case, we can not say that the trial judge's findings were clearly against the preponderance of the evidence. The suspended sentence was expressly conditioned upon the *successful completion* of the drug rehabilitation program. Appellant did not complete the program, and absent a showing that appellant was arbitrarily dismissed from the program, then the trial judge could justifiably find by a preponderance of the evidence that the defendant had failed to comply with a condition of his suspension or probation.

Appellant's second point is that the trial court erred in sentencing appellant to a term of years greater than that originally imposed. Ark. Stat. Ann. § 41-1208(6) provides:

> (6) If the court revokes a suspension or probation, it may enter a judgment of conviction and may impose any sentence on defendant that might have been imposed originally for the offense of which he was found guilty, provided that any sentence to pay a fine or to imprisonment when combined with any previous fine or imprisonment imposed for the same offense shall not exceed the limits of sections 901 [§ 41-901] or 1101 [§ 41-1101, or, if applicable, section 1001 [§ 41-1001]. [Acts 1975, No. 280, § 1203, p. 500.]

Appellant argues that Ark. Stat. Ann. § 43-2326 is a distinct method of sentencing, and when mere execution of a sentence is suspended and is thereafter revoked, the trial judge is

restricted to the original sentence imposed, citing *Cureton*v. *State*, 266 Ark. 363, 589 S.W. 2d 204 (Ark. App. 1979); *Hughes* v. *State*, 264 Ark. 723, 574 S.W. 2d 888 (1979). In each of these cases, the court was unable to review the issue for the reason that it was raised for the first time on appeal. However, appellant requests that we review the issue since it is an error which is plain on the face of the record. *State* v. *Lawrence*, 246 Ark. 644, 439 S.W. 2d 819 (1969); *Wells* v. *State*, 193 Ark. 1092, 104 S.W. 2d 456 (1937).

We believe the trial judge did not have the authority to impose a greater sentence than was originally imposed pursuant to Ark. Stat. Ann. § 41-803 (Repl. 1977). [See also *Culpepper* v. *state*, 268 Ark. 263, 595 S.W. 2d 220 (1980) ]. Under this section of the Criminal Code, a trial judge is only authorized to suspend *imposition* of a sentence or place the defendant on probation. The suspension of the execution of sentence is no longer authorized and Ark. Stat. Ann. § 43-2326 (Repl. 1977) is repealed by implication. *Culpepper, supra.* Consequently, since the trial judge had already executed the sentence, he could not thereafter impose a greater sentence than was originally imposed.

The decision of the trial court is accordingly modified and the sentence of appellant is reduced from three years to two years.