Brenda Lee DIFFEE *v.* STATE of Arkansas

CR 86-69                                        718 S.W.2d 94

Supreme Court of Arkansas
Opinion delivered October 27, 1986
[Rehearing denied December 8, 1986.*]

---

*Purtle, J., would grant rehearing.

*Hurst Law Offices*, by: *Q. Byrum Hurst, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven, III*, Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. On March 8, 1982, the appellant pleaded guilty to having obtained drugs by fraud. Ark. Stat. Ann. § 82-1017 (Repl. 1976). The circuit court entered an order taking the plea under advisement, fining the defendant $500 and costs of $75, and placing her on probation for three years, on specified conditions. In 1983 the prosecuting attorney sought revocation of the probation. In October, 1984, after a hearing, the court entered a judgment revoking the probation and sentencing the defendant to five years in prison. The appellant took an appeal, arguing only that the proof did not support the revocation. The Court of Appeals affirmed the judgment on June 12, 1985, in an unpublished opinion.

In September, 1985, the appellant filed in the circuit court the present petition, which we must treat as having been filed under Criminal Procedure Rule 37. See *Deaton* v. *State*, 283 Ark. 79, 671 S.W.2d 175 (1984). The court, after a hearing, denied the petition but amended the earlier order by changing the fine to an assessment of $500 as administrative costs. Since we find the denial of the petition to be correct, it is immaterial whether the court had the power to change the nature of the fine.

The appellant submits three reasons for reversal of the judgment. It is first argued that the court acted beyond its statutory authority in assessing a fine and at the same time placing the defendant on probation. This argument is based on a

sentence in Ark. Stat. Ann. § 41-803(4) (Repl. 1977), which was in effect at the time of the offense and therefore governs. *Cooper v. State*, 278 Ark. 394, 645 S.W.2d 950 (1983). The sentence relied upon reads as follows:

> If the offense is punishable by fine or imprisonment, the court may sentence defendant to pay a fine *and* suspend imposition of sentence as to imprisonment *or* place him on probation. [Italics supplied.]

The appellant argues that the word "or" divides the entire sentence into two parts, so that the court can *either* fine the defendant and suspend imposition of sentence *or* place him on probation. Hence, it is argued, the court made its choice when it fined the appellant and could not simultaneously place her on probation.

■ The argument is decidedly unconvincing. That interpretation would mean that the court could never impose a fine and at the same time place the defendant on probation rather than sending him to prison. We can think of no good reason for the lawmakers to have intended such an impractical result. To the contrary, Section 41-1201(3)(a) recognizes the procedure followed by the trial court. The natural interpretation of the statute is that the court may fine the defendant *and* either suspend imposition of the sentence or place him on probation. That reading of the language is in harmony with our holding in *Culpepper* v. *State*, 268 Ark. 263, 595 S.W.2d 220 (1980). There we noted that throughout the Criminal Code, which includes the statute now in question, the word "or" and not "and" is uniformly used to separate suspending the imposition of sentence from placing the defendant on probation. That careful use of the disjunctive "or" was necessary, for the Code does not permit the court to suspend the imposition of sentence and simultaneously place the defendant on probation, because the former is "without supervision" and the latter requires "supervision of a probation officer." *Culpepper, supra.* We think it beyond doubt that the word "or" was used in the section now in question in the same way as it was used repeatedly elsewhere in the Code.

The appellant's second argument is based on Ark. Stat. Ann. § 43-2332 (Supp. 1985), which provides that upon revocation of probation the court may require the defendant to serve "the

sentence imposed, or any lesser sentence which might have been originally imposed." It is contended that the $500 fine levied in the first instance was the "sentence imposed." That fine was paid in full, in $50 installments; so the appellant contends that her sentence has already been served, precluding the court from sentencing her to prison upon the revocation of probation.

The above section 43-2332 was originally enacted in 1973, before the Criminal Code became effective on January 1, 1976. If the section had not been re-enacted in 1979, it would have been impliedly repealed by the Code under the settled rule that when the legislature takes up a subject anew and covers the whole field, existing statutes upon the subject will be impliedly repealed even though there is no express repeal. *McLeod* v. *Shaver*, 198 Ark. 56, 127 S.W.2d 258 (1939). The Code contains this sweeping declaration: "No defendant convicted of an offense shall be sentenced otherwise than in accordance with this Article [§§ 41-801—41-1309]." Furthermore, the pertinent sections of the Code, §§ 41-801—41-804 and 41-1201—1211, completely re-cover the law applicable to suspension of the imposition of sentences and to probation. Hence, although the earlier statutes are still applicable to crimes committed before the Code went into effect, the Code is a new starting point for crimes committed after the Code became effective.

We turn to Section 43-2332, relied on by the appellant. That section contains seven paragraphs. The first five paragraphs are not relevant to this case; they pertain to probation officers and to probationers who move from one county to another. The sixth paragraph provides for the arrest of probationers who violate the conditions of their probation.

The seventh paragraph is relied upon by the appellant. Whether the legislature actually intended to rewrite that paragraph when the whole section was re-enacted, with a deliberate revision of the fourth paragraph, is an interesting question. The answer is not decisive in this case, because the appellant's position cannot be sustained no matter which of two answers to the question is the right one. It is necessary, however, for us to explain why neither answer helps the appellant.

To show how the question arises, we insert a photocopy of the seventh paragraph as it is printed in the 1977 replacement volume

of our statutes, Section 43-2332:

> As speedily as possible, the probationer shall be taken before the court having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and if sentence was not imposed, the court may impose any sentence which might have been originally imposed. [Acts 1973, No. 818, § 2, p. 2083; 1975, No. 602, § 1, p. 1657.]

The only change made by the 1979 re-enactment of this paragraph was the omission of the words we have underlined. It can be seen that, owing to the position of the word "sentence" as the next to the last word in both the third line and the fourth line, the typist who copied the whole section in the bill to be introduced in the legislature could easily have omitted the underlined words, by inadvertence. If so, the legislature did not actually intend the change. Two considerations support that view. One, the sole purpose of the measure, Act 326 of 1979, as shown by its emergency clause, was to conform the fourth paragraph to a judicial redistricting that went into effect on January 1, 1979. That purpose was accomplished by a complete revision of the fourth paragraph. And two, the change would drastically alter the meaning of the seventh paragraph, without any discernible reason.

If it were absolutely clear that the critical words were omitted by inadvertence, we could supply them in order to give effect to the legislative intent. *Cernauskas* v. *Fletcher*, 211 Ark. 678, 201 S.W.2d 999 (1947); *Snowden* v. *Thompson*, 106 Ark. 517, 153 S.W. 823 (1913). That action on our part would not help the appellant, for then the section would provide that if sentence was not originally imposed, as was true in this case, the court could impose any sentence which might have been originally imposed. The five-year sentence imposed upon the appellant is within the statutory limits for this offense. Ark. Stat. Ann. § 82-1020.

It is, however, not absolutely clear that the change made in the statute in 1979 was inadvertent, because the revised paragraph is in itself complete and intelligible. Even so, the appellant cannot prevail. In *McGee* v. *State*, 271 Ark. 611, 609 S.W.2d 73 (1980), we passed upon the same argument that is now

presented (without mentioning the possibility that the 1979 change might have been unintentional). There as here no sentence was imposed when the defendant was placed on probation. We do not regard the $500 fine as a "sentence imposed," because the statute is directed to a revocation of probation and thus is referring to the possible sentence to imprisonment that gave rise to the probation. In *McGee* as here the defendant pleaded guilty and was placed on probation for three years. There as here the court revoked the probation and imposed a five-year sentence. We held that Section 43-2332, as revised in 1979, did not apply, because no sentence had been pronounced when the defendant was placed on probation. The opinion closed with this analysis:

> Unquestionably, the legislature did not intend Ark. Stat. Ann. § 43-2332 (Supp. 1979) to effect a basic change in probation procedures or prohibit a court from releasing a defendant on probation for a prescribed period of time without pronouncing sentence. The words, "sentence imposed," therefore, presume that a sentence has been pronounced. In the appellant's case, none was pronounced until his four year probation was revoked. Therefore, since no sentence was imposed at the time appellant was placed on probation, the language in Ark. Stat. Ann. § 43-2332 (Supp. 1979) has no application and provides him no relief.

That case governs this one.

In her third argument the appellant insists that when the court revoked her probation and imposed a five-year sentence, she was unconstitutionally subjected to double jeopardy. Her theory is that by paying her fine in installments she had begun serving her sentence, after which the sentence could not be increased. The fallacy in the argument is that the original order must be construed as a whole, not piecemeal. The court was authorized by the statute to impose a fine and simultaneously place the defendant on probation, as we held in answering the appellant's first argument. The appellant paid the fine, but she violated the conditions of probation. No authority is cited by counsel for the notion that every time a court accompanies a fine with probation, double jeopardy occurs when the probation is revoked. The argument is so lacking in merit that we do not discuss it at length. *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977).

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I disagree with the majority opinion primarily because I believe the sentence had already been "imposed." In the case of *Adams* v. *State*, 269 Ark. 601, 599 S.W.2d 437 (Ark. App. 1980), the Arkansas Court of Appeals considered the same argument presented in this appeal. The court stated: "[w]e believe the trial judge did not have the authority to impose a greater sentence than was originally imposed pursuant to Ark. Stat. Ann. § 41-803 (Repl. 1977)." The court held that the trial judge was authorized to suspend imposition of a sentence *or* place the defendant on probation. Citing *Culpepper* v. *State*, 268 Ark. 263, 595 S.W.2d 220 (1980), the Court of Appeals further held that "suspension of execution of sentence" was no longer authorized because Ark. Stat. Ann. § 43-2326 (Repl. 1977) was repealed by implication by the enactment of 41-803(1) of the Criminal Code. (It should be noted at this point that, as of April, 1985, the trial court is once again authorized to suspend the *execution* of sentence. See Ark. Stat. Ann. § 43-2326.1 (Supp. 1985).) Therefore, having pronounced and imposed sentence, the trial judge could not thereafter impose a greater sentence than was originally imposed.

In *Culpepper, supra,* this Court stated:

> There is a substantial difference between advising a defendant that he is sentenced to 5 years suspended subject to certain behavioral requirements and in advising a defendant that the imposition of sentence will be suspended or postponed for 5 years conditioned on the same behavioral requirements. If the appellant had been sentenced in compliance with § 41-803 by the suspension of the imposition of sentence, rather than by the suspension of the execution of sentence, the trial court could have sentenced him to 15 years imprisonment upon revocation of the suspension, as is authorized by Ark. Stat. Ann. § 43-1208(6) . . . .

. . .

Reference is made throughout the Code to suspending

imposition of sentence or placing the defendant on probation, but in no instance do we find provision for both.

In *Culpepper* the court acknowledged that Ark. Stat. Ann. § 41-1208(6) was partially repealed by implication in 1979. In that year, the legislature amended Ark. Stat. Ann. § 43-2332 (Repl. 1977) and limited the sentence authorized on revocation of probation:

> Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence which might have been originally imposed. [A.S.A. § 43-2332 (Supp. 1985)].

To me it is quite clear that the trial judge in this case has attempted to retroactively announce that he was suspending imposition of the sentence, when, in fact, the sentence had already been imposed. The docket entry dated March 8, 1982, reflects, "Fine $500.00 and costs, plea of guilty taken under advisement for 3 years probated term—[conditions of probation and payment of fine were enumerated]." The appellant paid the fine in full. There should have been no misunderstanding that the appellant was required to pay the $500.00 and meet the probation terms for a period of three years.

Obviously the court attempted to suspend imposition of sentence for three years and place the appellant on probation at the same time. The majority opinion correctly states, "the Code does not permit the court to suspend the imposition of sentence and simultaneously place the defendant on probation . . . ." The trial court in this case used terminology that could only fit probation and in express terms attempted to suspend imposition of sentence. Arkansas Statutes 41-801 (Repl. 1977) defines "suspension" as a procedure whereby a defendant, who pleads or is found guilty, is released without pronouncement of sentence and without supervision. It defines "probation" as a procedure whereby a defendant, who pleads or is found guilty, is released without pronouncement of sentence but subject to supervision. The two cannot occur simultaneously.

I agree with the majority that the court could have fined her *and* placed her on probation *or* it could have fined her *and*

suspended imposition of sentence. See A.S.A. § 41-803(4) (Repl. 1977). It could not do both. Such action is no longer authorized. *Culpepper, supra.*

In *McGee* v. *State*, 271 Ark. 611, 609 S.W.2d 73 (1980), we clearly stated that the sentence had not been imposed. I believe that in the present case sentence had been imposed and executed. The payment of the fine amounted to execution of a part of the sentence, thereby precluding the trial court upon revocation of probation from imposing a greater sentence than that originally imposed.

I see no reason why Ark. Stat. Ann. § 43-2332 (Supp. 1985) should not be given its plain meaning as it relates to revocation of probation. It simply limits the term of a sentence imposed upon revocation of probation to the term which was originally imposed. It is clear that the trial court is this case sentenced the appellant to pay a fine and placed her on probation. Upon revocation of that probation, the court is precluded from imposing a greater sentence than that originally imposed.

Furthermore, if we had decided that the trial court had suspended three years of the sentence, we would be required to follow our decision in *Queen* v. *State*, 271 Ark. 929, 612 S.W.2d 95 (1981). In *Queen* we stated, "[s]ince the court originally imposed a five year sentence and suspended three years of that sentence, it could only revoke the three year suspended sentence." We reduce Queen's sentence to the term of the suspended sentence.

I would modify the decision of the trial court to limit the term of imprisonment to that originally imposed, as we did in *Culpepper.*