The Honorable Cliff Hoofman State Senator P. O. Box 1038 North Little Rock, Arkansas 72115
Dear Senator Hoofman:
This is in response to your request for an opinion regarding Act 40 of the First Extraordinary Session of 1987. You have asked, specifically, whether a new special census is required to determine the population of Maumelle for purposes of Act 40, or whether some other means of determining population may be utilized. You note in your request that Maumelle has a population of less than 5,000 according to the most recent special census which was conducted in 1985.
Section 6 of Act 40 amends Section 6 of Act 593 of 1987 to provide, in pertinent part, as follows:
 (a) From the effective date hereof until June 1, 1989, there shall be no new hospitals, home health agencies, or nursing homes, with the exceptions of. . .a hospital in an incorporated municipality with a population of 5,000 or more which does not have a hospital and which is located in a county with a city of a population of 50,000 or more. . . .
It is clear from a reading of this provision that no particular means is specified for determining population. This is in stark contrast to Section 9 of the same Act which extends certain exemptions to hospitals desiring to operate a home health agency which is located in a municipality "with a population of more than 10,000 but less than 11,000 in a county with a population of 26,000 or more according to the 1980 Federal decennial census. . ." (Emphasis added.) The absence of a similar reference in Section 6 to a federal census leads to the conclusion that reliance upon a new special census is not mandated by Act 40. It has been clearly established that legislative intent must be discerned from the language employed if a statute is unambiguous on its face. Murot v. Arkansas Board of Dispensing Opticians, 285 Ark. 128,685 S.W.2d 502 (1985). This is particularly true where, as in this instance, inclusion of language such as that appearing in Section 9 could easily have been accomplished.
There is no other statutory authority specifically governing the means of determining population for purposes such as that set forth in Act 40. Nor does there appear to be any case law on point. Since Act 40 does not mandate reliance upon federal census information, use of some other means of determining population may be appropriate. It has come to my attention in this regard that the U.S. Bureau of Census does compile population estimates every other year, and that the 1986 estimates should be available in mid-August of this year. The City of Maumelle should be included in this information, although it is of course unknown at this point whether the estimate will reflect a population of 5,000 or more.
Although these estimates, or figures derived from some other means, would in my opinion be admissible based upon the foregoing, it should be noted that their validity if challenged will ultimately turn upon the weight accorded them by a court. The Arkansas Supreme Court has clearly stated that it will take judicial notice of federal census figures. See e.g. Board of Trustees, University of Arkansas v. Pulaski County, 229 Ark. 370,315 S.W.2d 879 (1958); Stephens v. City of Springdale, 233 Ark. 865,350 S.W.2d 182 (1961). A court may, however, refuse to take judicial notice of the Bureau of Census estimates since they are not the product of an official census. And there is no case law or other statutory authority suggesting the weight to be according figures derived from some means other than an official census.
Prudence indicates, therefore, that census information should be utilized due to the uncertainty surrounding this question. While it is my opinion that reliance upon other means is not proscribed, an attack may be mounted premised upon the superior reliability of the most recent official census figures. This issue would in all likelihood be resolved based upon the particular facts surrounding the alternative means of determining population.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.