The Honorable John W. Parkerson State Representative 300 Exchange Street, Suite 1 [520 Ouachita Avenue] Hot Springs, AR 71901
Dear Representative Parkerson:
This is in response to your request, on behalf of a constituent, for an opinion concerning A.C.A. 14-301-301. You have posed the following three questions in this regard:
 (a) Whether or not the city may petition to vacate independent property owners under this section?
 (b) Whether or not the city has the power and authority to vacate a street or alley without it first being shown the street or alley had been officially dedicated?
 (c) Whether or not the city has the power and authority to vacate without it being shown the street or alley has not been actually used for five (5) years last past?
The statute in question, A.C.A. 14-301-301, provides:
 (a) Cities of the first and second class and incorporated towns are given power and authority to vacate public streets and alleys within the cities and towns under the conditions and in the manner herein provided.
 (b) In all cases where the owner of property within a city or town shall have dedicated, or may hereafter dedicate, a portion of the property to the public use as streets or alleys by platting the property and causing the plat to be filed for record, as provided by law, and any street or alley, or section thereof, shown on the plat so filed shall not have been actually used by the public as a street or alley for a period of five (5) years and in all cases where all property abutting any street or alley, or section thereof, is owned by any educational institution or college, whether the property shall have been actually used by the public as a street or alley for a period of five (5) years or not, the city or town council shall have power to vacate and abandon the street or alley, or any portion thereof, by proceeding in the manner set forth in this subchapter.
Section 14-301-302 provides for a petition to be filed by abutting property owners requesting the vacation of the street, and requires the attachment to the petition of a copy of the plat, and also requires a hearing on the matter. Section 14-301-303
requires the consent of all of the abutting landowners.
The first question posed by your constituent asks whether the city may petition to "vacate independent property owners" under this section. I am a little uncertain as to the focus of this inquiry, but if the question is whether the city can vacate a street under14-301-301 without the permission of the ABUTTING landowners, it is my opinion that the city may not do so under this section. A.C.A. 14-301-303, and Roberts v. Pace, 230 Ark. 280 322 S.W.2d 75
(1959).
It appears, however, that the city, on its own initiative, has the power to vacate an alley or street without the consent of abutting landowners, under A.C.A. 14-54-104.*
That provision does not require consent of the landowners, or that the street not have been used for the preceding five years. It must be noted, however, that if an owner has petitioned under 14-301-301 for the vacation of a street, he will be held to the requirements set out in that statutory scheme; that is, he will be required to show dedication, non-use for five years, and consent of all abutting property owners. Roberts, supra. Any decision on compliance with these statutory requirements, however, will not be res judicata in a future proceeding brought under A.C.A. 14-54-104, Roberts, supra; and if the proceedings to vacate the street were clearly not brought under 14-301-301, then it has no application, and the city has authority to vacate the street under 14-54-104. Cernauskas v. Fletcher, 211 Ark. 678, 201 S.W.2d 999 (1947).
In response to your second question, it appears that under14-301-301, the city would have no authority to vacate a street that has not been dedicated. Cernauskas, supra. That section also requires that the dedication be accomplished by filing a plat. It is also my opinion that the city does not have authority under 14-54-104 to vacate a street which has not been dedicated to the public use.** That section in subsection (2) gives cities of the first class the power:
 (2) To alter or change the width or extent of streets, sidewalks, alleys, avenues, parks, wharves, and other public grounds, and to vacate or lease out such portions thereof as may not for the time being be required for corporate purposes. . . .
It is my opinion that the legislature, by the inclusion of the words "and other public grounds", intended that the city have power only to vacate "public" streets. Cernauskas, supra, does not require a different result. In that case, it was held immaterial under 14-54-104 that no plat of the property showing the alley to be vacated was ever filed with the recorder of the county. It was not held immaterial that the alley was never dedicated to the public use.
In response to your third question, it is my opinion that under14-301-301, the city has no power to vacate a street or alley that has actually been used by the public as a street or alley in the preceding five years (unless all the property abutting the street is owned by an educational institution or college). It is also my opinion, however, that under 14-54-104, there is no requirement that the street not have been used in the preceding five years. All that is required under that statute is that the street or alley no longer be required for "corporate purposes."
The Attorney General is required under A.C.A. 25-16-706 to provide his opinion to the General Assembly on the constitutionality of any proposed bill. He is precluded, however, from engaging in the private practice of law. A.C.A. 25-16-701. Therefore, this opinion is not provided for the benefit of private third parties and should not be relied upon or offered for that purpose.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
* It has been held, however, that the city cannot deprive an abutting landowner of his only right of ingress and egress to his property. Flake v. Thompson, 249 Ark. 713, 460 S.W.2d 749 (1970).
** It should be noted, however, that this section does not require that the dedication be accomplished by filing of a plat. Cernauskas, supra. "Dedication" to the public use may be accomplished by filing a plan, Wynn Hotel Motel, Inc. v. City of Texarkana, 217 Ark. 314, 230 S.W.2d 649 (1950); by parole dedication, Poskey v. Bradley, 209 Ark. 93, 189 S.W.2d 806
(1945); by implied dedication, Porter v. Stuttgart, 135 Ark. 48
(1918); or by prescription, Ayers v. State, 59 Ark. 26 (1894). A city of the first class, in my opinion, has the authority under A.C.A. 14-54-104 to vacate streets and alleys which have been dedicated to the public use under any of these methods. But see also A.C.A. 14-301-102 requiring the city's acceptance of the dedication by ordinance. It has been held, however, that the dedication, once made, is irrevocable, and the city can accept at any time, and dedications by prescription need not be accepted. City of Stuttgart v. John, 85 Ark. 520, 109 S.W. 541 (1908); Bushmiaer v. City of Little Rock, 231 Ark. 848, 333 S.W.2d 236
(1960); Waring v. City of Little Rock, 62 Ark. 408, 365 S.W. 24
(1896); and Brewer v. City of Pine Bluff, 80 Ark. 489,97 S.W. 1034 (1906).