Altis HOLLIMAN and Judy Holliman *v.* Delbert
LILES, Barbara Liles, and the City of Quitman

CA 00-131 35 S.W.3d 369

Court of Appeals of Arkansas
Division II
Opinion delivered December 20, 2000

*Henry & Henry*, by: *Clifford J. Henry*, for appellant.

*Anne Orsi Smith*, for appellees Delbert & Barbara Liles.

*J. Russell Green*, for appellee City of Quitman.

JOHN MAUZY PITTMAN, Judge. This is an appeal from an order of the Cleburne County Chancery Court dismissing appellants' petition challenging the validity of an ordinance passed by the Quitman city council that closed the south ten feet of Mulberry Street. Appellants Altis Holliman and Judy Holliman own block 12, which abuts the northern boundary of Mulberry Street, and appellees Delbert Liles and Barbara Liles own block thirteen, which abuts its southern boundary. On February 8, 1999, appellees filed a petition with the city council requesting that the south ten feet of the street be vacated and abandoned. The city council held a public hearing on March 8, 1999, at which appellant Altis Holliman appeared to voice his objections to appellees' petition. The city council granted appellees' petition that day.

On June 18, 1999, appellants filed this action against appellees and the City of Quitman to nullify the ordinance, claiming that the city council had failed to follow the dictates of Ark. Code Ann. §§ 14-301-301 through 14-301-306 (1987). Arkansas Code Annotated section 14-301-301 (1987) provides authority for cities of the first and second class to vacate platted, filed of record, and dedicated public streets and alleys when the street or alley has not been used by the public for a period of five years. Quitman is a city of the second class. Arkansas Code Annotated section 14-301-303 (1987) provides that no street or alley, or any portion thereof, shall be abandoned or vacated unless the written consent of "the owners of all lots abutting on the street or alley, or the portion thereof, to be vacated" has been filed with the city council. It is undisputed that appellants did not give their consent. The statute of limitations set forth in Ark. Code Ann. § 14-301-305(a) (1987) provides that the city council's ordinance shall be conclusive unless suit to reject it is brought in chancery court within thirty days after its passage.

Appellees moved to dismiss the complaint on the ground that it was barred by the statute of limitations. The chancellor then held

a hearing and listened to a tape of the city council meeting. He dismissed the complaint because appellants failed to file the action within the thirty-day statute of limitations. He also found that the city council was not required to obtain appellants' permission to vacate that portion of the street because their property does not abut it. He further rejected appellants' argument that the city council had taken no proof that this portion of the street had not been used for at least five years, stating:

> My review of the tape of the March 8, 1999 public hearing and City Council meeting indicates the Councilmen were very familiar with the streets of Quitman, having measured most of them. This, coupled with the reading of the ordinance, convinces me they were fully aware of the fact Mulberry Street was not an open street. Mr. Holliman even discussed his willingness to use his men and equipment to put in the road bed.

Because the chancellor based his decision on evidence submitted in addition to the pleadings, the order dismissing this case was in essence a summary judgment. When matters outside the pleadings are presented and not excluded by the trial court in connection with an Ark. R. Civ. P. 12(b) motion, the motion is treated as one for summary judgment under Ark. R. Civ. P. 56. *McQuay v. Guntharp,* 331 Ark. 466, 963 S.W.2d 583 (1998). Summary judgment should be granted only when it is clear that there are no disputed issues of material fact. *Porter v. Harshfield,* 329 Ark. 130, 948 S.W.2d 83 (1997). All evidence must be viewed in the light most favorable to the party resisting the motion; he is also entitled to have all doubts and inferences resolved in his favor. *Id.* Summary judgment is inappropriate when facts remain in dispute or when undisputed facts may lead to differing conclusions as to whether the moving party is entitled to judgment as a matter of law. *See Wallace v. Broyles,* 332 Ark. 189, 961 S.W.2d 712 (1998). When the evidence leaves room for a reasonable difference of opinion, summary judgment is not appropriate. *See Martin v. Arthur,* 339 Ark. 149, 3 S.W.3d 684 (1999). The object of summary judgment proceedings is not to try the issues, but to determine if there are any issues to be tried, and if there is any doubt whatsoever, the motion should be denied. *See Walker v. Stephens,* 3 Ark. App. 205, 626 S.W.2d 200 (1981).

Appellants argue that the chancellor erred in finding that their consent was not required because their property does not abut the portion of Mulberry Street to be vacated; in finding that appellees were not required to assert in their petition that the street had not been used for five years; in finding that the city council members were aware that the street was not open; and in finding that this action is barred by the statute of limitations.

■ We disagree with appellants' contention that appellees were required to state in their petition that the street, or the portion thereof, to be abandoned had not been used by the public for five years. The statutes do not require such a statement.

■ However, we agree with appellants that, if the statutory conditions were not met when the city council passed the ordinance, the thirty-day statute of limitations does not apply. *Jones v. American Home Life Ins. Co.,* 293 Ark. 330, 738 S.W.2d 387 (1987). *See also Stephens v. City of Springdale,* 233 Ark. 865, 350 S.W.2d 182 (1961). This conclusion is based upon the fact that municipalities are statutory creatures and, as such, have only the power bestowed upon them by statute or the Arkansas Constitution. *See Jones v. American Home Life Ins. Co, supra.* A city's governing board cannot give away a city's streets without the consent of abutting owners or without statutory authority; any attempt to do so is ultra vires. *Freeze v. Jones,* 260 Ark. 193, 539 S.W.2d 425 (1976). Any substantial doubt about the existence of a power in a municipal corporation must be resolved against it. *Stilley v. Henson,* 342 Ark. 346, 28 S.W.3d 274 (2000). Therefore, we cannot say whether the statute of limitations barred this action unless we can determine, as a matter of law, that all of the requirements of the statutory process were met.

■ One requirement is that the street has not been used by the public for at least five years. Although one could infer from the transcript of the city council meeting that this portion of the street was not in use at the time that the ordinance was passed, no evidence was presented to the city council or to the chancellor that the period of non-use had lasted for five years before the ordinance was passed. Therefore, this issue should have been tried.

■ Further, we do not agree with the chancellor that, as a matter of law, appellants' property does not abut the portion of the

street to be vacated. Although the statute does not define the term "abutting," the supreme court's decision in *Roberts v. Pace,* 230 Ark. 280, 322 S.W.2d 75 (1959), provides guidance on this issue. In that case, the appellants' property did not actually touch the portion of the alley the city board had closed, but the closing of a part of the alley adversely affected the use of their property. The supreme court held that, because of this adverse effect, the appellants were abutting property owners whose written consent was required before the alley could be closed:

> It is the contention of appellees that it was necessary only to have the written consent of all the property owners abutting the *portion* of the alley affected. For the purpose of this opinion it may be conceded that all other requirements of the pertinent statutes were satisfied in this case....

> We think however appellees make the mistake of assuming that they have closed only a portion of the alley and not all of it. It is too obvious for argument that from a practical standpoint, and particularly as regards appellants' right of ingress and egress, the entire alley will be closed if both ends are closed. We express no opinion as to what our holding would be if the south end of the alley was not closed.

> If we consider, as we do, that the entire alley will be closed under Ordinance No. 2239 and the trial court's ruling, then appellees must fail because all the abutting property owners have not given their written consent, a prerequisite required by the statute.

230 Ark. at 283-84, 322 S.W.2d at 77.

 ██ Here, it seems obvious that, although appellants' ingress and egress will not be blocked, the portion of the street abutting their property has been narrowed, which they claim will have an adverse effect on the use of their property. *Roberts v. Pace* does not hold as a matter of law that a property owner's ingress and egress must be blocked before he will be deemed to have the status of an abutting property owner whose consent is required. Instead, the basis of the supreme court's decision in that case was the extent of the adverse effect that the abandonment would have on the parties challenging it, which was a factual determination. Accordingly, whether appellants are the owners of abutting property was an issue of material fact that should have been tried, and the chancellor erred in dismissing appellants' complaint.

Reversed and remanded.

JENNINGS and NEAL, JJ., agree.