Don RICKENBACKER *v.* Larry NORRIS, Director,
Arkansas Department of Correction

03-1255                                206 S.W.3d 220

Supreme Court of Arkansas
Opinion delivered March 31, 2005

*Jeff Rosenzweig*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Jeffrey Weber*, Ass't Att'y Gen., for appellee.

PER CURIAM. Appellant pleaded nolo contendre to two counts of first-degree sexual abuse, and was sentenced to five years' probation and fined $5,000. The Van Buren County Circuit Court revoked the probation, and appellant was sentenced to ten years' imprisonment. Appellant subsequently filed a petition for writ of *habeas corpus* in the Jefferson County Circuit Court, arguing that he was improperly sentenced to ten years. According to appellant, the court was limited to sentencing him to the time remaining on his probation. The petition was denied, and from that order comes this appeal.

A writ of *habeas corpus* is proper when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Davis v. Reed*, 316 Ark. 575, 577, 873

S.W.2d 524, 525 (1994). A *habeas corpus* proceeding does not afford a prisoner an opportunity to retry his case. *Meny v. Norris*, 340 Ark. 418, 420, 13 S.W.3d 143, 144 (2000). Nor does it act as a substitute for a petition for postconviction relief pursuant to Ark. R. Crim. P. 37. *Cothrine v. State*, 322 Ark. 112, 114, 907 S.W.2d 134, 135 (1995).

At issue, according to appellant, are Ark. Code Ann. § 5-4-309(f)(1) (Repl. 1997) and Ark. Code Ann. § 16-93-402(e) (Repl. 1997), which he claims are in conflict. Section 5-4-309(f)(1), reads:

> (A) If the court revokes a suspension or probation, it may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he was found guilty.
>
> (B) Provided, that any sentence to pay a fine or to imprisonment, when combined with any previous fine or imprisonment imposed for the same offense, shall not exceed the limits of § 5-4-201 or § 5-4-401, or, if applicable, § 5-4-501.

Ark. Code Ann. § 5-4-309(f)(1)(A) and (B). However, Ark. Code Ann. § 16-93-402(e) provides:

> (1) At any time within the probation period or within the maximum probation period permitted by § 16-93-401, the court for the county in which the probationer is being supervised or, if no longer supervised, the court for the county in which he was last under supervision may issue a warrant for his arrest for violation of probation occurring during the probation period.
>
> (2) The warrant may be executed by any peace officer authorized to make arrests under the laws of the State of Arkansas.
>
> (3) If the probationer shall be arrested in any county other than that in which he was last supervised, he shall be returned to the county in which the warrant was issued.
>
> (4) As speedily as possible, the probationer shall be taken before the court having jurisdiction over him.
>
> (5) Thereupon, the court may revoke the probation and require him to serve the sentence imposed or any lesser sentence which might have been originally imposed.

Ark. Code Ann. § 16-93-402(e)(1) to (5). Appellant claims that the doctrine of statutory construction requires that penal statutes be strictly construed and that ambiguities be resolved in favor of the rule of lenity. Thus, to the extent that the two statutes conflict, appellant claims that the more lenient statute, § 16-93-402(e), should apply. According to appellant, the failure to apply the more lenient of the two statutes violates federal and state constitutional rights of due process. Appellant claims that he should have been sentenced to the remainder of his five years' probation, which commenced in 1997, instead of ten years. Moreover, he argues that his five years' probation would have expired no later than October 27, 2002, and therefore, he is entitled to be released.

We look first to our decision in *Gates v. State*, 353 Ark. 333, 107 S.W.3d 868 (2003). Gates pleaded guilty to possession of a controlled substance with intent to sell or deliver, was placed on supervised probation for five years, and fined $3,500. *Id.* at 335, 107 S.W.3d at 868. Gates's probation was subsequently revoked, at which time, the court modified his sentence to six years' imprisonment with an additional consecutive sentence of fifteen years' suspended sentence. He was also fined the unpaid balance of the fines and costs previously assessed. *Id.* at 335, 107 S.W.3d at 868-69. A second revocation hearing was also held, at which time, the trial court revoked the suspended sentence, and sentenced Gates to an additional eleven years' imprisonment. *Id.* at 335, 107 S.W.3d at 869.

On appeal, we reversed Gates's sentence holding that the trial court lacked subject-matter jurisdiction to modify the original sentence. *Id.* at 338, 107 S.W.3d at 871. For clarification, we note that Gates committed his crime prior to the enactment of Act 1569 of 1999, which allows a trial court to modify an original sentence once it is executed. *Gates*, 353 Ark. at 337, 107 S.W.3d at 870. Prior to Act 1569, Ark. Code Ann. § 5-4-301(d) (Repl. 1997) was in effect, and provided in pertinent part:

> (d) When the court suspends the imposition of sentence on a defendant or places him on probation, the court shall enter a judgment of conviction only if:
>
> (1) It sentences the defendant to pay a fine and suspends imposition of sentence as to imprisonment or places the defendant on probation; or

(2) It sentences the defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment. *Id.*

*Gates*, 353 Ark. at 336, 107 S.W.3d at 869-70. In 1999, the Act amended Ark. Code Ann. § 5-4-301(d), and it now provides in pertinent part:

(d)(1) When the court suspends the imposition of sentence on a defendant or places him on probation, the court shall enter a judgment of conviction only if:

(A) It sentences the defendant to pay a fine and suspends imposition of sentence as to imprisonment or places the defendant on probation; or

(B) It sentences the defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment.

(2) The entry of a judgment of conviction shall not preclude:

(A) The modification of the original order suspending the imposition of sentence on a defendant or placing a defendant on probation following a revocation hearing held pursuant to § 5-4-310; and

(B) Modifications set within the limits of §§ 5-4-303, 5-4-304, and 5-4-306.

Ark. Code Ann. § 5-4-301(d) (Supp.2001).

*Gates*, 353 Ark. at 336-37, 107 S.W.3d at 870.

This court has held that Act 1569 does not apply retroactively to offenses committed prior to April 15, 1999, the effective date of the Act. *Id.* at 337, 107 S.W.3d at 870. In order for the Act to apply to the facts of both Gates and the instant case, the Act must have been in effect at the time the original crimes were committed, which it was not. *Id.*

Prior to Act 1569, a trial court lost subject-matter jurisdiction to modify or amend an original sentence once it was put into execution. *Gates*, 353 Ark. at 336, 107 S.W.3d at 869. A sentence is put into execution when a trial court issues a judgment of

conviction or a commitment order. *Id.* This court has held that a plea of guilty, coupled with a fine and either probation or a suspended imposition of sentence, constitutes a conviction, thereby depriving a trial court of jurisdiction to amend or modify a sentence that has been executed. *Id.*

According to this court in *Gates*, pursuant to § 5-4-309(f), the trial court could have imposed a term of imprisonment of ten to forty years or life for a class Y felony. *Gates*, 353 Ark. at 338, 107 S.W.3d at 870-71. We held that the trial court imposed a term of imprisonment, but exceeded its authority by modifying the terms of the original sentence when it entered the suspended fifteen-year sentence. According to this court, "[t]hese terms imposed an additional condition to the original executed sentence, and the trial court lacked authority to modify the original sentence." *Id.* at 338, 107 S.W.3d at 871. The distinction between *Gates* and the present case is that *Gates* involved a modification, whereas the instant case deals with revocation. Here, the trial court did not modify appellant's sentence. Rather, it revoked his probation pursuant to § 5-4-309, which is permissible.

In the instant case, appellant claims that Sections 5-4-309 and 16-93-402, both of which pertain to revocation, are contradictory and that in the interest of leniency, § 16-93-402 should apply. For an understanding of these provisions, we look to our decision in *Lewis v. State*, 336 Ark. 469, 986 S.W.2d 95 (1999). Lewis pleaded guilty to possession of methamphetamine, and his punishment was fixed at three years' imprisonment, with the imposition of said sentence suspended upon, among other things, the condition that he be placed on supervised probation for a period of three years. *Id.* at 471-72, 986 S.W.2d at 97. Lewis's supervised probation was later altered to unsupervised probation by order of the trial court. *Id.* at 473, 986 S.W.2d at 97.

Upon revocation, Lewis was sentenced to ten years' imprisonment, seven of which were suspended. On appeal, Lewis argued that the sentence imposed upon revocation was illegal. *Id.* Specifically, Lewis claimed that when the court accepted his guilty plea, it actually sentenced him to three years' imprisonment, rather than placing him on probation. He further claimed that the court then suspended the three-year sentence, and as a consequence, the trial court could not later revoke his suspended sentence and impose a new sentence. *Id.* at 473, 986 S.W.2d at 98.

In affirming the trial court's decision, we found that while the language of the trial court's order read "punishment is fixed at

three years in the Arkansas Department of Correction," the order clearly provided that Lewis was put on probation as a first offender; therefore, no adjudication of guilt or sentence was imposed. *Id.* at 474–75, 986 S.W.2d at 98. We held that the court intended that Lewis be placed on probation, and once he failed to comply with the conditions of his probation, the trial court was authorized, pursuant to § 5-4-309(f), to impose any sentence that may have originally been imposed for the offense of which he was found guilty. *Lewis*, 336 Ark. at 476, 986 S.W.2d at 99.

According to this court, if probation was entered and no sentence was actually imposed, the trial court was authorized, upon revocation, to sentence the defendant to a term of imprisonment larger than the term of probation. *Id.* We noted that § 16-93-402 did not apply in *Lewis*, as the statute only comes into play when a sentence is imposed, in which case, upon revocation, the defendant can only be made to serve the sentence imposed or any lesser sentence which might have originally been imposed. *Id.* at 476, 986 S.W.2d at 99.

The application of the appropriate statute depends on whether appellant's probation and fine constituted a "sentence imposed." To answer this question, we look to our decision in *Diffee v. State*, 290 Ark. 194, 718 S.W.2d 94 (1986). In that case, Diffee pleaded guilty to obtaining drugs by fraud, and the court took her plea under advisement, fined her $500, plus costs, and placed her on probation for three years. The trial court later revoked her probation, and sentenced her to five years' imprisonment. *Id.* at 195, 718 S.W.2d at 94. The appellant filed a petition for postconviction relief, which was denied; however, the trial court amended the earlier order by changing the fine to an assessment of $500 as administrative costs. On appeal, we affirmed the denial of relief, and held that it was immaterial whether the court had the power to change the nature of the fine. *Diffee*, 290 Ark. at 195, 718 S.W.2d at 94.

In that case, we held that no sentence was imposed when Diffee was placed on probation; moreover, we did not regard the $500 fine as a "sentence imposed," because "[Ark. Stat. Ann. § 43-2332, currently Ark. Code Ann. § 16-93-402] is directed to a revocation of probation and thus is referring to the possible sentence to imprisonment that gave rise to the probation." *Id.* at 199, 718 S.W.2d at 96.

In the instant case, appellant was sentenced to five years' probation and fined; accordingly, there was no sentence

imposed, and § 5-4-309(f) applies. Sexual abuse in the first degree is a class C felony with a penalty range of three to ten years and/or a fine of up to $10,000. *See* Ark. Code Ann. § 5-14-108 (Repl. 1997); § 5-4-401(a)(4) (Repl. 1997). Therefore, the trial court did not err in sentencing appellant to ten years' imprisonment as it could have done originally. Appellant's claim is not sufficient to demonstrate that the trial court lacked jurisdiction or that his judgment of conviction was invalid on its face. Accordingly, we affirm the denial of relief.

Affirmed.